**\*\* NOT FOR PRINTED PUBLICATION \*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | § | |
| | § | |
| *Petitioner,* | § | Civil Action No. 1:09-CV-1039 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER GRANTING IN PART PETITIONER'S MOTION TO COMPEL

Petitioner David Lee Jackson was convicted of murder and use of a dangerous weapon to commit murder, in violation of federal law, and sentenced to death. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit, and the Supreme Court denied Mr. Jackson's petition for writ of certiorari. The deadline for Mr. Jackson's petition for habeas corpus is one year after the Supreme Court denied his petition for writ of certiorari, namely October 5, 2010. *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072 (2003).

Now before the court is Mr. Jackson's motion to compel certain discovery pursuant to Habeas Rule 6.[1] Mr. Jackson seeks discovery from the Bureau of Prisons of a laundry list of materials, from security camera video tapes to all files and records pertaining to certain BOP employees who testified at his criminal trial. Doc. # 24, at 5-9.

---

[1]Rule 6 of the <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

1

Under Habeas Corpus Rule 6(a), the court may, "for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Mr. Jackson "must provide reasons for the request," including any proposed interrogatories or requests for admission, and "must specify any requested documents."  Habeas Corpus Rule 6(b).  The Supreme Court has found "good cause" to exist "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ."  *Bracy v. Gramley*, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 1799 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 1091 (1969)).  The *Harris* Court further stated that

> in appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a *prima facie case for relief*, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to dispose of the matter as law and justice require.

*Id.* at 290, 89 S. Ct. at 1086 (emphasis added); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).

However, "[a] federal habeas court must allow discovery . . . only where a factual dispute, if resolved in the petitioner's favor, would entitled him to relief . . . Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions."  *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).  Habeas Corpus Rule 6 does not state whether discovery requests are permitted prior to the filing of a petition, and at least one circuit has found that pre-petition discovery is impermissible.  *See Calderon v. United States District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

2

The *Calderon* court cited "at least four reasons" for this conclusion, the second of which—presupposition that Petitioner has exhausted his state remedies—is inapplicable in the Section 2255 context.  The third reason cited—that Habeas Corpus Rule 6 is limited to discovery available under the Federal Rules of Civil Procedure—is somewhat less than persuasive, as Rule 6(a) in the 2255 context now encompasses discovery not only under the Federal Rules of Criminal and Civil Procedure, but also "in accordance with the practices and principles of law." However, the first and fourth reasons—because a Petitioner "must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery" and "courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation"—are persuasive.

Except as to Mr. Jackson's own medical and psychological records, discussed below, the court does not find that the motion sets out sufficient good cause to justify discovery at this time. Mr. Jackson spends much of the motion discussing the delay between Daryl Brown's death in December 1999, his release from prison in March 2004, re-arrest on unrelated charges in May 2004, and his indictment for his role in Mr. Brown's death in April 2005, and his need for BOP files to develop his claims.  However, Mr. Jackson's claim of delay and prejudice resulting therefrom was argued by trial counsel, decided by the district court[2], argued on Mr. Jackson's direct appeal[3], and ultimately rejected by the Fifth Circuit. *United States v. Jackson*, 549 F.3d

---

[2]*See United States v. Jackson*, 1:06-cr-51 (E.D. Tex.), at Doc. # 160 (Mr. Jackson's motion) and Doc. # 350, 18:24-34:22 (transcript of August 29, 2006 motion hearing).

[3]*See United States v. Jackson*, 06-41680 (5th Cir.), at Doc. # 0051282461, 35-42 (Mr. Jackson's appellate brief) and Doc. # 0051335071, 22-30 (Government's appellate brief).

963, 969-72 (5th Cir. 2008).[4]  Mr. Jackson's claims may be slightly different in his habeas petition—he seems to be suggesting that the delay undermines the appropriateness of seeking the death penalty and any argument of future dangerousness,—but this does not justify further extensive discovery on the issue at this time.  Neither does a different tactical approach to the issue taken by trial counsel amount to a claim of ineffective assistance of counsel.

Mr. Jackson's medical and psychological records are, after all, his own records.  The court finds that his request for these documents (i.e., those identified in Doc. # 24 at 5, Items 3 and 4) may reasonably assist the court when deciding any issues raised.  Providing them will promote efficiency and reduce expenses.  Mr. Jackson's medical and psychological records will be turned over within seven (7) calender days of this Order.

Mr. Jackson's remaining requests include those which are speculative (the requested materials "may provide mitigating evidence," "potential mitigating evidence," "may suggest alternative theories") or are duplicative of other evidence at Mr. Jackson's disposal (requests relating to the question of whether Mr. Brown had a knife, when Mr. Jackson has already obtained, or plans to obtain, affidavits from witnesses on this point and the issue was testified to at trial).  Mr. Jackson's lack of specificity is exactly why discovery is premature at this time: after the petition is filed, the Government and this court are in a better position to determine what evidence may actually be relevant to Mr. Jackson's claims and should be available through discovery.

---

[4]The issue of delay was also discussed and rejected in *United States v. Gulley*, 526 F.3d 809, 819-20 (5th Cir. 2008).  Mr. Gulley and Mr. Jackson were both tried and convicted for their roles in the 1999 death of Daryl Brown.  Like Mr. Jackson, Mr. Gulley was not indicted for the crime until April 2005.

Mr. Jackson argues that restricting discovery to the post-petition period would prevent the timely discovery of new and relevant claims.  However, there is no suggestion in Mr. Jackson's motion that he needs discovery to determine *which* claims to raise in his petition, merely that he requests the discovery to "develop . . . the material facts needed for the consideration and accurate resolution of the claims for relief in . . . [his] forthcoming § 2255 petition."  Doc. # 24, at 2.

IT IS THEREFORE ORDERED that Petitioner David Lee Jackson's Motion to Compel [Doc. # 24] is GRANTED IN PART.  Mr. Jackson's medical and psychological records will be turned over within seven (7) calender days of this Order.

So **ORDERED** and **SIGNED** this **20** day of **August, 2010.**

_____

Ron Clark, United States District Judge