UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**Petitioner David Lee Jackson's Unopposed Motion for Production or Unsealing of Trial Records Pertaining to Payments for Attorneys, Experts, and Investigators**

---

**<u>URGENT</u>:**
**Mr. Jackson's statute of limitations for seeking relief under 28 U.S.C. § 2255 is running.  Accordingly, immediate action is respectfully requested.**

---

I.    **MOTION**

David Lee Jackson, an inmate in federal custody under sentence of death, respectfully moves the Court to provide his current counsel access to certain trial records regarding attorney and expert funding, or in the alternative to unseal these records, as set forth in detail below.  The requested materials reflect the work performed at trial to defend Mr. Jackson, and so there is no confidentiality interest in keeping these records from Mr. Jackson now.  In addition, unsealing of these records is authorized by 18 U.S.C. § 3599.  Finally, the requested materials are necessary for the preparation of Mr. Jackson's forthcoming motion under 28 U.S.C. § 2255 to vacate his conviction and sentence.

## II.    MEMORANDUM OF LAW

### A.    Motion for Production

Mr. Jackson seeks access to the sealed records pertaining to his own defense at trial, and the attorneys, experts, and investigators employed on his behalf.  Trial counsel has represented that complete files have been produced to post-conviction counsel (August 4, 2010 Hr'g at 8:18–19), but these billing records have not been found.  Mr. Jackson is entitled to receive them now.  The United States Attorney's Office is unopposed to such access.

Mr. Jackson specifically requests that the Court send to current counsel, by electronic or other means convenient to the Court, the following sealed materials from the docket in 1:06-cr-00051-MAC-ESH:

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2005 | 78 | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to David Lee Jackson Amount: $14,340.03, Voucher #050919000004. Signed by Judge Marcia A. Crone on 09/08/05.(bsp) (Entered: 10/07/2005) |
| 10/25/2005 | 83 | CJA 31 Signed by Judge Marcia A. Crone on 6/16/05. (dlc) (Entered: 10/28/2005) |
| 11/03/2005 | 88 | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to David Lee Jackson Amount: $19,178.22, Voucher #051103000001. Signed by Judge Marcia A. Crone on 10/29/05.(bsp) (Entered: 12/05/2005) |
| 11/22/2005 | 89 | SEALED CJA30 (Entered: 12/05/2005) |
| 11/22/2005 | 91 | SEALED CJA30 (Entered: 12/05/2005) |
| 12/19/2005 | 97 | SEALED CJA30: Authorization to Pay in Death Penalty Proceedings as to David Lee Jackson Voucher #051219000047. Signed by Judge Marcia A. Crone on 12/13/05.(bsp) (Entered: 01/06/2006) |
| 01/26/2006 | None | Sealed CJA30 forwarded to Tyler (dw, ) (Entered: 01/26/2006) |
| 01/27/2006 | 102 | SEALED CJA31: Authorization to Pay in Death Penalty Proceedings as to David Lee Jackson Signed by Judge Marcia A. Crone on 01/19/06.(bsp) (Entered: 02/03/2006) |
| 02/07/2006 | 109 | SEALED CJA 30: Authorization to Pay in Death Penalty Proceedings Voucher #060207000022. Signed by Judge Marcia A. Crone on 02/07/06.(bsp) (Entered: 03/06/2006) |
| 02/14/2006 | 110 | SEALED CJA30: Authorization to Pay in Death Penalty Proceedings Voucher #060214000007. Signed by Judge Marcia A. Crone on 02/14/06.(bsp) (Entered: 03/06/2006) |

| | | |
|---|---|---|
| 04/25/2006 | 136 | SEALED CJA31: Authorization to Pay David Brooks in Death Penalty Proceedings as to David Lee Jackson Signed by Judge Marcia A. Crone on 04/13/06.(bsp) (Entered: 05/11/2006) |
| 05/02/2006 | None | SEALED CJA31: Authorization to Pay Pamela Stites in Death Penalty Proceedings as to David Lee Jackson Signed by Judge Marcia A. Crone on 4/13/06.(bsp) (Entered: 06/06/2006) |
| 07/13/2006 | None | SEALED CJA30: Authorization to Pay in Death Penalty Proceedings. Voucher #060713000005. Signed by Judge Marcia A. Crone on 6/16/06. (bsp) (Entered: 08/08/2006) |
| 07/28/2006 | None | SEALED CJA30: Authorization to Pay in Death Penalty Proceedings. Voucher #060713000004. Signed by Judge Marcia A. Crone on 6/16/06. (bsp) (Entered: 08/08/2006) |
| 08/30/2006 | None | SEALED CJA 0: Authorization to Pay in Death Penalty Proceedings as to David Lee Jackson Voucher #060830000006. Signed by Judge Marcia A. Crone on 07/24/06. (bsp) (Entered: 10/11/2006) |
| 08/30/2006 | None | SEALED CJA30: Authorization to Pay in Death Penalty Proceedings as to David Lee Jackson Voucher #060830000008. Signed by Judge Marcia A. Crone on 07/24/06. (bsp) (Entered: 10/11/2006) |
| 10/26/2006 | None | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to David Lee Jackson Voucher #061026000021. Signed by Judge Marcia A. Crone on 09/21/06. (bsp) (Entered: 11/06/2006) |
| 10/26/2006 | None | SEALED CJA31: Authorization to Pay Dr.Daneen Milam in Death Penalty Proceedings as to David Lee Jackson. Signed by Judge Marcia A. Crone on 10/11/06. (bsp) (Entered: 11/06/2006) |
| 11/06/2006 | None | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to David Lee Jackson Amount: $14,516.51, Voucher #061106000011. Signed by Judge Marcia A. Crone on 09/25/06.(bsp) (Entered: 12/11/2006) |
| 11/06/2006 | None | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to David Lee Jackson Amount: $18,519.66, Voucher #061106000013. Signed by Judge Marcia A. Crone on 09/25/06.(bsp) (Entered: 12/11/2006) |
| 11/09/2006 | None | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to David Lee Jackson Amount: $12,676.08, Voucher #061109000007. Signed by Judge Marcia A. Crone on 10/11/06.(bsp) (Entered: 12/11/2006) |
| 11/09/2006 | None | SEALED CJA31: Authorization to Pay David W. Brooks in Death Penalty Proceedings as to David Lee Jackson Amount: $6,015.30 for Expert Services, Signed by Judge Marcia A. Crone on 10/31/06. (bsp) (Entered: 12/11/2006) |
| 11/14/2006 | None | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to David Lee Jackson Amount: $10,047.47, Voucher #061114000011. Signed by Judge Marcia A. Crone on 10/18/06.(bsp) (Entered: 12/11/2006) |
| 02/21/2007 | None | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to David Lee Jackson Amount: $52,925.78, Voucher |

3

| | | |
|---|---|---|
| | | #070221000001. Signed by Judge Marcia A. Crone on 02/08/07.(bsp) (Entered: 03/02/2007) |
| 02/21/2007 | None | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to David Lee Jackson Amount: $51,756.75, Voucher #070221000002. Signed by Judge Marcia A. Crone on 02/08/07. (bsp) (Entered: 03/02/2007) |
| 02/21/2007 | None | SEALED CJA31: Authorization to Pay Dr. Dan Roberts in Death Penalty Proceedings as to David Lee Jackson Amount: $5,325.00 for Expert Services, Signed by Judge Marcia A. Crone on 02/08/07. (bsp) (Entered: 03/02/2007) |
| 02/21/2007 | None | SEALED CJA31: Authorization to Pay Dee Dee Haplin in Death Penalty Proceedings as to David Lee Jackson Amount: $1,600.00 for Expert Services, Signed by Judge Marcia A. Crone on 02/08/07.(bsp) (Entered: 03/02/2007) |
| 02/21/2007 | None | SEALED CJA31: Authorization to Pay Dr. Elizabeth Pelz in Death Penalty Proceedings as to David Lee Jackson Amount: $10,825.00 for Expert Services, Signed by Judge Marcia A. Crone on 02/08/07. (bsp) (Entered: 03/02/2007) |
| 02/22/2007 | None | SEALED CJA31: Authorization to Pay Dr. Kate Allen in Death Penalty Proceedings as to David Lee Jackson Amount: $4,586.38 for Expert Services, Signed by Judge Marcia A. Crone on 02/08/07.(bsp) (Entered: 03/02/2007) |

It is now in Mr. Jackson's interest to make this information available to current successor counsel in order to effect his post-conviction litigation.  Without these records, Mr. Jackson has an inadequate picture of work that may have already been performed on his behalf, or alternatively, what work was not performed.[1]

B.      **Motion to Unseal**

Should the court determine that Mr. Jackson is not entitled to pre-petition access to the billing records of his attorneys, investigators, and experts, in the alternative, Mr. Jackson requests that the Court unseal such records.  Payments to attorneys and experts in capital cases are governed by 18 U.S.C. § 3599.  Pursuant to 18 U.S.C. § 3599(g)(3), "the amounts paid under this paragraph for services in any case shall be disclosed to the

---

[1]     For example, in a prior motion, counsel represented to the court, based on conversations with trial counsel and trial investigators, that Pamela Stites, the mitigation specialist at trial, had never submitted a bill and that "no funds were ever paid to Ms. Stites for work performed in Mr. Jackson's case."  Sealed records, however, showed that Ms. Stites had been paid $4,909.30. (February 16, 2010 Order, No. 386, 1:06-cr-00051-MAC-ESH.)  In developing claims for Mr. Jackson's forthcoming motion under § 2255, and in order to accurately portray events at trial, Mr. Jackson and his undersigned counsel need access to these records.

4

public, after the disposition of the petition."  This clause should be read to require the unsealing of attorney and expert funding records after the resolution of a petition for writ of certiorari to the Supreme Court.  Although "petition" is not used elsewhere in the statute, it is applicable to a limited set of capital proceedings, namely a petition for writ of certiorari, and a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Statutory interpretation, however, should "give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed."  *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883).  As such, the best reading of the term "petition" is as a reference to the resolution of a petition for writ of certiorari.  Any other reading would render the term meaningless in most proceedings.  The term is not applicable to proceedings under 28 U.S.C. § 2255, for example, where the operative pleading is referred to as a motion rather than a petition.  *Compare* Rules Governing § 2255 Cases, Rule 1 ("These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255… .") *with* Rules Governing § 2254 Cases, Rule 1 ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254… .").  Here, in § 2255 proceedings, a reading of § 3599(g)(3) based on the resolution of a habeas petition would mean that public release would never occur.

Moreover, 18 U.S.C. § 3599 applies to all phases of capital proceedings.  This includes, "pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," as well as "such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."  18 U.S.C. § 3599(e).  Reading "petition" to refer to a habeas petition under § 2254 would render funding records permanently sealed in most proceedings.  This would contradict the restrictive view of confidentiality in funding decisions evinced elsewhere in the

statute, as 18 U.S.C. § 3599(f) states that:

> "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review."

Beyond the interpretation of 18 U.S.C. § 3599, unsealing the trial records here is also supported by balancing the presumption in favor of open judicial proceedings with the need for confidentiality on the part of the party whose records would be disclosed. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). Where, as here, trial counsel is replaced by new counsel for post-conviction proceedings, the balance of interests is best served by providing current counsel with important court documents previously filed by Mr. Jackson in this case, specifically records concerning the work that was performed and billed by trial counsel and Mr. Jackson's defense experts and investigators.

## III.  **CONCLUSION**

For the foregoing reasons, Mr. Jackson respectfully requests that this Court produce to post-conviction counsel, or unseal, the materials enumerated above.

Dated:  September 2, 2010                           RESPECTFULLY SUBMITTED,


/s/ STEVEN J. OLSON _____                 /s/ JAMES C. LOHMAN _____
STEVEN J. OLSON (Cal Bar #182240)          JAMES C. LOHMAN (Fl Bar #0570214)
STEVEN H. BERGMAN (Cal Bar #180542)    1806 East 39th Street
O'MELVENY & MYERS LLP                          Austin, TX 78722
400 S. Hope St.                                              Attorneys for Defendant/Petitioner
Los Angeles, CA 90071                                   DAVID LEE JACKSON