UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09CV-01039-RC |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**UNOPPOSED MOTION TO SEAL DAVID LEE JACKSON'S 28 U.S.C. §2255 PETITION; MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION TO SEAL**

---

**I.      MOTION**

DAVID LEE JACKSON, by and through his undersigned counsel, respectfully

moves the Court, pursuant to Local Rule CV-5(a)(7), to enter an Order directing the

District Clerk to file David Lee Jackson's entire 28 U.S.C. § 2255 petition, including the

Motion for Collateral Relief and all supporting exhibits and declarations, under seal.  The

Parties have met and conferred regarding this Motion, and the Respondent has no

objections to the motion at this time.

**II.      MEMORANDUM OF LAW**

On October 5, 2010, David Lee Jackson will file his Motion for Collateral Relief

("Motion"), pursuant to 28 U.S.C. § 2255, in which he will ask the Court to grant him a

new trial, to vacate the judgment entered against him, and/or to vacate, set aside or

1

correct the sentence imposed upon him.  In support of this Motion, Mr. Jackson will file numerous exhibits and third-party declarations.  A number of the declarations and exhibits lodged with Mr. Jackson's Motion discuss information that is required by law or court order to be sealed from public access.  Many of these presumptively-sealed exhibits are also incorporated into the text of Mr. Jackson's Motion.  Significant considerations weigh in favor of sealing the entire 2255 petition, such as the fact that many exhibits filed in support of the Motion must be sealed from public access and the high likelihood that individuals known to Mr. Jackson will rely on the Motion and supporting documents for an improper purpose and to harm Mr. Jackson.  For these reasons, and those discussed more fully herein, Mr. Jackson's entire Motion and supporting exhibits and declarations, should be filed under seal and restricted from public access.

A. **Federal Law And Court Order Requires Certain Exhibits Filed In Support of Mr. Jackson's 28 U.S.C §2255 Petition To Be Redacted And/Or Filed Under Seal**

1. **Medical Records**

Exhibits to Mr. Jackson's Motion under 28 U.S.C. § 2255 will include medical information and records of Mr. Jackson and his family members.  For instance, Exhibits No. 82 (Investigative Report, Psychological Examination by Lamont Crenshaw), No. 89 (Mental Health and Substance Abuse Records of Patricia Jackson), and No. 90 (Mental Health and Substance Abuse Records of Joan Perry), as well as parts of Exhibit No. 77 (U.S. DOJ Discipline Hearing Officer Report), have all been lodged in support of Mr. Jackson's Motion for Collateral Relief.  At the same time, numerous declarations filed in support of Mr. Jackson's Motion, including the Declarations of Dr. Richard Dudley (Ex.

1), Yvette McCaskill (Ex. 14), Patricia Jackson (Ex. 15), and Brenda Boyd (Ex. 19), discuss sensitive medical diagnoses and confidential medical information of Mr. Jackson and other third-party witnesses.  Information contained in these documents is considered private and confidential under federal law, including, the Health Insurance Portability And Accountability Act ("HIPAA"), which protects the privacy of medical records.  Mr. Jackson's counsel obtained these records through HIPAA-compliant releases from witnesses who expected limited use of their medical information.  Under HIPAA, "the filing of a lawsuit does not waive the disclosure of confidential health information." *Palazzolo v. Mann*, No. CV-09-10043, 2009 U.S. Dist. LEXIS 22348 at *4 (E.D. Mich. Mar. 19, 2009).  Thus, in order to protect these witnesses from breaches of their privacy, the records must be maintained under seal.

The Supreme Court has recognized that one type of privacy interested protected under the constitutional right to substantive due process is "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Indeed, many Circuit Courts, including the Fifth Circuit, have explained that "the [Supreme] Court assumed that protection of the autonomy right could extend to decisions concerning medical care."  *Plante v. Gonzales*, 575 F.2d 1119, 1131 (1978) (internal citations omitted);  *see also Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) ( "[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information.");  *Barry v. City of New York*, 712 F.2d 1554, 1558 (1983) ("The cases sometimes characterized as protecting "privacy" have in

3

fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters. . .") (internal citations omitted).

There is no necessity to make public the details of witnesses' medical records. Both the Court and the Respondent -- the only entities with a compelling right of access to such information -- will have access to this information.  As such, there is no legitimate reason that this Court permit the violation of the privacy interests of Mr. Jackson and his family members by the public disclosure of these records.  Thus, these medical records, and the corresponding declarations discussing this sensitive and confidential information, should be sealed.[1]

### 2.    Completed Jury Questionnaires

The twenty-two page "Jury Questionnaire," completed by each of the twelve original seated jurors on October 2, 2006, is also included in Mr. Jackson's § 2255 Petition as Exhibit No. 43.  Some of the questions included on this form include questions about whether the respondent was a victim of a crime, as well as information related to the juror's private religious beliefs.  In responding honestly to these questions, many of the jurors disclosed sensitive and/or embarrassing information.  *See, e.g., United States v. Sampson*, 297 F.Supp.2d 340, 341 (Mass. 2003) (Juror questionnaire in capital case "require[d] the disclosure of detailed personal information that potential jurors may

---

[1] Simple redaction or sealing of these exhibits and declarations alone will not adequately address the privacy concerns raised by the potential disclosure of medical records, because in numerous instances, the information contained in these documents has been incorporated into the text of Mr. Jackson's Motion.  Thus, any reference made to these confidential documents within Mr. Jackson's motion, must also be protected from public disclosure.  At a minimum, in light of the foregoing privacy concerns, these references should be redacted in the text of the document; however, considering the frequency with which these records are discussed throughout the Motion, a safer approach would be to seal the entire Motion.

reasonably consider sensitive or embarrassing and, therefore, be reluctant to reveal.").

Judge Crone recognized the potential discomfort each of the jurors likely faced in completing the questionnaire.  In explaining to the jury the importance of their candor in responding to the jury questionnaire, Judge Crone asserted: "The questionnaires will remain under seal.  They're not accessible to the public.  They'll be stored in the Court's vault and remain under seal." (Voir Dire Tr. vol. 1, Oct. 2, 2006).  Thus, in accordance with Judge Crone's October 2, 2006 Court Order, Exhibit No. 43 is, and must remain, under seal.

**B.**     **Good Cause Exists To Seal Mr. Jackson's Entire 28 U.S.C §2255 Petition**

In addition to the foregoing law <u>requiring</u> the sealing of certain exhibits filed in support of Mr. Jackson's 2255 petition, good cause exists to seal Mr. Jackson's <u>entire</u> 28 U.S.C. 2255 petition.  Although the court tends to favor openness and public access to judicial records and proceedings, the public's right of access to court documents and trials is not absolute.  *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-99 (1978).  As the Supreme Court articulated in *Nixon*:  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598.

In assessing whether public access is appropriate, the trial court must evaluate the facts and circumstance of each case, and must carefully balance the public's right of access against the interests of non-disclosure.  *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 C.A.5 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the

5

court must balance the public's common law right of access against the interests favoring nondisclosure."); *Nixon*, 435 U.S. at 599.  Among the nondisclosure interests to be considered by the District Court are:  "(1) the Court's supervisory powers over its own documents; (2) the benefit to the public from the incremental gain in knowledge that would result from access to the materials in question; (3) the degree of danger to the petition or other persons mentioned in the material; (4) the possibility of improper motives on the part of the media; and (5) any special circumstances in the case."  *Wiant v. United States,* No. 2:00-CR-108, 2005 WL 1651716 at *3 (S.D. Ohio, July 11, 2005). Here, the potential for improper use of Mr. Jackson's petition, as well as the likely harm Mr. Jackson and his family members would endure, significantly outweigh any presumptive right of public access, thereby justifying the sealing of Mr. Jackson's entire § 2255 petition.

All inmates housed on the federal death row in Terre Haute, Indiana, where Mr. Jackson is currently housed, have access to any publicly filed court record.  At least one of these inmates has been routinely accessing other inmate's court documents -- including Mr. Jackson's previous court filings -- and widely disseminating and misusing the sensitive, embarrassing, and sometimes confidential information, to blackmail or otherwise harm other inmates on the row.  Mr. Jackson's Motion for Collateral Relief reveals personal details of horrific abuse and neglect, as well as instances of documented mental illness among his family members.  Therefore, the potential for Mr. Jackson to suffer harm is highly likely.  As such, the harm that Mr. Jackson would suffer from this inmate's improper use of his Motion outweighs the presumptive right of public access to

these documents.  Thus, good cause exists for this Court to order the sealing of Mr.

Jackson's <u>entire</u> § 2255 petition, including the Motion and all supporting exhibits and

declarations.

### III.    CONCLUSION

For the foregoing reasons, Mr. Jackson respectfully requests that this Court enter

the attached proposed Order directing the District Clerk to file Mr. Jacksons's entire 28

U.S.C. § 2255 petition, including the Motion for Collateral Relief and supporting

exhibits, under seal.


DATED:   October 5, 2010

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Steve Olson*
STEVE OLSON (Cal. Bar #182240)
STEVEN H. BERGMAN (Cal. Bar #180542)
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, California 90071
Telephone:  213-430-6000

JAMES C. LOHMAN (Fl. Bar # 0570214)
Attorney at Law
1806 East 39th Street
Austin, Texas 78722
Telephone:  512-542-9947

</div>

## Certificate of Service

I hereby certify that on this 5th day of October, 2010, I sent a true and correct copy of the foregoing instrument, using the Court's CM/ECF to Kerry M. Klintworth, AUSA, U.S. Attorney's Office -- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.

>/s/ *Steven H. Bergman*
> STEVEN H. BERGMAN (Cal. Bar # 180542)
> O'MELVENY & MYERS LLP
> 400 S. Hope St.
> Los Angeles, California 90071
> Telephone:  213-430-6000

## Certificate of Conference

Pursuant to Local Rule CV-7(h) and (i) of the United States District Court for the Eastern District of Texas, I hereby certify that on the 4th day of October, 2010, I conferred, via telephone, with Assistant United States Attorney, Kerry Klintworth, in good faith, in an effort to resolve the foregoing Motion to Seal.  Ms. Klintworth indicated that, at this time, she does not oppose this Motion.

>/s/ *Steven H. Bergman*
> STEVEN H. BERGMAN (Cal. Bar # 180542)
> O'MELVENY & MYERS LLP
> 400 S. Hope St.
> Los Angeles, California 90071
> Telephone:  213-430-6000

8