UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

DAVID LEE JACKSON,                )
    *Movant,*                    )
                             )
        v.                      )   CASE NO. 1:09-CV-1039-RC
                             )
                             )
UNITED STATES OF AMERICA,          )
    *Respondent.*                )

---

**[PROPOSED] ORDER GRANTING PETITION LEAVE TO OBTAIN
DISCOVERY FROM THE DEPARTMENT OF JUSTICE**

---

## [PROPOSED] ORDER

On December 8, 2010, Petitioner David Lee Jackson, through counsel, moved the Court, pursuant to Rule 6(a) of the Rules Governing §2255 Proceedings, for leave to conduct certain discovery from the United States Department of Justice ("DOJ").  The Government opposed the motion.

Having considered the moving and opposing papers and arguments of counsel, the Court finds good cause exists to grant Petitioner leave to pursue the following discovery from the United States Department of Justice:

1.     Any and all documents, memoranda, protocols, guides, manuals, rules, regulations, criteria, or any other material discussing when the DOJ may or shall seek the death penalty, and/or what criteria officials working for the DOJ may consider in determining whether to seek a sentence of death.

2.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to the decision by DOJ to charge Jackson with capital murder.

3.     Any and all documents, memoranda, phone records, meeting notes, interview notes, or any other materials pertaining to the decision by DOJ to seek the death penalty against Jackson, including, but not limited to, the death penalty evaluation for Jackson as required by the United States Attorney's Manual.

4.     Any and all documents, memoranda, phone records, meeting notes, interview notes, or any other materials pertaining to the DOJ's review of Mr. Jackson's previous offense history.

5.     Any communications from the United States Attorney General's Office related to the charging of capital murder and/or the decision to seek the death penalty against Jackson.

6.     Any and all documents, memoranda, phone records, meeting notes, interview notes, or any other materials pertaining to Mr. Jackson's release from prison in 2003 with no charges related to Daryl Brown's death.

7.      Any and all documents, memoranda, phone records, meeting notes, interview notes, or any other materials pertaining to any mistakes of fact or law made in regard to the decision to release Mr. Jackson's from prison in 2003 with no charges related to Daryl Brown's death.

8.      Any and all documents, memoranda, phone records, meeting notes, interview notes, or any other materials pertaining to the reprimanding of any DOJ employee, including United States Attorneys and Assistant United States Attorneys, for failing to charge Mr. Jackson for the events surrounding Daryl Brown's death prior to Mr. Jackson's release from prison in 2003.

9.      Any and all videotape recording, photographs, drawings, and/or other physical evidence of the confrontation between Mr. Jackson and Daryl Brown on the recreation yard of USP Beaumont on December 16, 1999.

10.     Any and all videotape recording, photographs, drawings, and/or other physical evidence of the recreation yard of USP Beaumont on December 16, 1999 between the hours of 5:30 p.m. and 6:30 p.m.

11.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to the confrontation between Mr. Jackson and Daryl Brown on the recreation yard of USP Beaumont on December 16, 1999.

12.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to interviews of any BOP employees regarding the confrontation between Mr. Jackson and Daryl Brown on the recreation yard of USP Beaumont on December 16, 1999.

13.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to interviews of any BOP employees regarding the confrontation between Mr. Jackson and Daryl Brown on the recreation yard of USP Beaumont on December 16, 1999.

14.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to interviews of any inmates housed at USP Beaumont on December 16, 1999, regarding the confrontation between Mr. Jackson and Daryl Brown on the recreation yard of USP Beaumont on December 16, 1999.

15.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to any search of Daryl Brown's cell after his death.

16.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to any of Daryl Brown's personal effects found anywhere on the USP Beaumont premises after his death.

17.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to the toxicological testing of Daryl Brown's blood and/or other bodily fluids after his death.

18.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to statements Mr. Jackson made to Michael Mattes related to Brown's death on February 24, 2000.

19.     Any and all documents, memoranda, protocols, phone records, meeting notes, interview notes, e-mails, or any other materials pertaining to any investigation conducted by BOP employees *other than* Michael Mattes, regarding the veracity of Mattes' claim that Mr. Jackson refused to allow Harold Jones into his cell and/or Mr. Jackson's statements about Brown's death.

20.     Any and all information within its possession, or at its disposal, regarding exculpatory, inculpatory, or mitigating statements made by any BOP employee or any inmate who was housed at USP Beaumont on February 24, 2000, regarding Mr. Jackson's alleged comments to Michael Mattes.

21.     Any and all information within its possession, or at its disposal, regarding exculpatory, inculpatory, or mitigating statements made by co-defendant Arzell Gulley or by

Daryl Brown.  Said production shall include any evidence that Petitioner's role in this offense was limited or differed from that argued by the government at Petitioner's trial.

22.    Any and all information within its possession, or at its disposal, concerning any mitigating evidence which questions the jury's verdict in any manner and was not presented during Petitioner's trial.

23.    All correspondence regarding any and all witnesses who testified at Petitioner's trial.

24.    Any evidence that any government witness who testified at Petitioner's trial was biased or prejudiced against Petitioner or had a motive to falsify or distort his/her testimony.

25.    Any and all documents of the personnel file of any federal agent involved in the investigation and/or interviewing of witnesses in this case tending to show that the agent(s) have been reprimanded, disciplined, or reported for attempts to influence witness testimony or for making false claims on any previous report, internal or public.

26.    Any and all evidence within its files, or at its disposal, concerning any physical, mental or sexual abuse suffered by Petitioner or other members of his family.

27.    Any and all evidence within its files, or at its disposal, concerning any mental or psychological illness or impairment suffered by Petitioner or other members of his family.

THEREFORE, the United States Department of Justice shall respond to a *subpoena duces tecum* seeking the above materials no later than January 31, 2011.