UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

**[PROPOSED] ORDER GRANTING PETITIONER DAVID LEE JACKSON LEAVE TO OBTAIN DISCOVERY FORM THE UNITED STATES BUREAU OF PRISONS**

LA2:920167.1

## [PROPOSED] ORDER

On December 8, 2010, Petitioner David Lee Jackson, through counsel, moved the Court, pursuant to Rule 6(a) of the Rules Governing §2255 Proceedings, for leave to conduct certain discovery from the United States Bureau of Prisons ("BOP").  The Government opposed the motion.

Having considered the moving and opposing papers and arguments of counsel, the Court finds good cause exists to grant Petitioner leave to pursue the following discovery from the United States Bureau of Prisons:

1.     Any and all security camera video tapes, including any available audio recordings, made at USP Beaumont on Thursday, December 16, 1999, between and including 1700 Hours and 1900 hours Central Standard Time, as well as an inventory of all security cameras existing at that time.

2.     Any and all After Action reports or Board of Inquiry reports related to the December 16, 1999 incident, pursuant to Program Statement ("PS") 1210.21, all 583s and "shots" related to the incident, as well as any investigative report, Regional Inquiry Team Report, Local Inquiry Team Report, or any after action report conducted at USP Beaumont due to this incident and local response to include the corrective action plan to the recommendations. Also, all documents, records, working papers or personal records created by members of the Boards or Teams.

3.     The results of any and all drug and alcohol testing, pursuant to PS 6590.07, conducted in response to the incident.

4.     Any and all records regarding weapons related to the incident, pursuant to PS 5521.05.

5.     Logbooks and any other records recording inmate and staff movements within USP Beaumont on December 16, 1999.

6.     All mass interview forms/sheets conducted after the incident.

7.     All documentation created and maintained by the SIS office of this incident, to

include the materials required on SIS Inmate Investigation File Check List, i.e. inmate profile and inmate incident reports and final DHO report. Posted Picture File, STG file and AIMS information for the inmates, both victim and subject.

8.    All investigators notes of any and all inmate interviews conducted regarding this incident.

9.    Any and all other reports, statements, memoranda, correspondence, meeting notes, or any other documents of any kind related to the December 16, 1999 incident.

10.    The Inmate Central File for Mr. Jackson, pursuant to PS 5800.11.  This also known as Mr. Jackson's "Sentry" File.

11.    All inmate job descriptions for inmates assigned to Unicor at the time of the incident.

12.    Copies of all staff position/job descriptions for all staff members assigned to Unicor at the time of the incident.

13.    Documents sufficient to describe all education programs and classes offered at the ADX facility in Florence, Colorado, during the time of Jackson's incarceration at that institution.

14.    Copies of the video tape and the supporting memorandums of the confrontation avoidance intervention conducted on February 24, 2000, by Michael Mattes in the Special Housing Unit ("SHU").

15.    Logbooks and any other records recording inmate and staff movements within USP Beaumont on February 24, 2000.

16.    Logbooks and any other records recording inmate and staff movements within the Special Housing Unit at USP Beaumont during the month of February, 2000.

17.    The training record of the Acting SIA at the time of the purported February 24, 2000 conversation between Counselor Mattes and Mr. Jackson.

18.    Special Housing Review Reports, including but not limited to Form BP-A295, for USP Beaumont between and including October 1, 1999 and February 29, 2000.

2

19.     Daily duty logs showing present and absent correctional officers at USP Beaumont between and including December 1, 1999 and December 31, 1999.

20.     Daily duty logs showing present and absent staff, inclusive of all positions, at USP Beaumont between and including December 1, 1999 and December 31, 1999.

21.     All logs, reports, and other daily or weekly compilations produced by USP Beaumont staff in the course of their duties between and including December 1, 1999 and December 31, 1999.

22.     The certified documents including curriculum vitae, demonstrating each correctional officer's training, experience, and qualifications.

23.     All available files and records concerning BOP employees Nick Pasao, Scott Wilson, Michael Mattes, Kelvin Tims, David Kappaeris, Danny Wilhite, Gary Vann, Stephen Rice, Jason Marten, Joel Rogalsky, Raymond Chopane, and Larry Devereaux, during the period when such individuals were working at USP Beaumont.

24.     The Institution Character Profile report, pursuant to PS 1070.08, conducted of USP Beaumont at the time of the incident, as well as any other Institutional Character reports relating to USP Beaumont from January 1, 1996 through December 31, 2006.

25.     All formal and informal materials and investigative materials maintained by the SIS/SIA office at the Beaumont Complex regarding inmate Jackson and inmate Brown and their actions while housed at USP Beaumont.

26.     Any and all reports, statements, memoranda, correspondence, meeting notes, or any other documents, related to the reclassification of USP Beaumont from a high- to a medium-security FCC institution in 2008.

27.     Any and all records related to the Administrative Remedy Program at the Beaumont facilities, pursuant to PS 1330.16, between January 1, 1999 and December 31, 2006.

28.     Any and all reports, statements, memoranda, correspondence, meeting notes, or any other documents, including after action reports or board of inquiry reports, as well as all 583s and "shots," related to assaults or other violent incidents, whether involving inmates or

staff, at USP Beaumont between and including January 1, 1999 and December 31, 2006.

29.	Any and all reports, statements, memoranda, correspondence, meeting notes, or any other documents, including after action reports or board of inquiry reports, as well as all 583s and "shots", related to weapons possession at USP Beaumont between and including January 1, 1999 and December 31, 2006.

30.	Any and all complaints, grievances, and other documents regarding USP Beaumont filed by any employees' union or other group of organized labor, with any level of the Federal Bureau of Prisons, between and including January 1, 1996, and December 31, 2006.

31.	Any other security tapes, audio recordings, drug and alcohol tests, and other *Brady* materials described in Claim 10 of the petition, and not otherwise enumerated herein.

32.	Depositions of Counsel Michael Mattes and Corrections Officer Raymond Chopane.

THEREFORE, the United States Bureau of Prisons shall respond to a *subpoena duces tecum* seeking the above materials no later than January 31, 2011 and Petitioner David Lee Jackson is granted leave to subpoena Counsel Mattes and Officer Chopane to appear for depositions no later than March 31, 2011.