# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

UNITED STATES OF AMERICA        §

       §

vs.        §    Criminal Number 1:06-CR-51

       §    (Judge Crone)

DAVID LEE JACKSON        §

## MOTION FOR GRAND JURY TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, defendant, by and trough counsel of record, Douglas M. Barlow, and makes this his request for copies of grand jury testimony and would show:

### I.

Defendant would show that there are significant issues in this cause regarding the length of delay from the time of the alleged incident made the basis of this prosecution and the return of an indictment herein. Defendant would further show that this incident was originally placed before a federal grand jury concerning a charge of illegal possession of a weapon in a federal penal institution, rather than the subject capital murder charge. Defendant urges that the presentation of the case in the original weapons charge impinges upon the issues related to the presentation of the capital murder charge. Additionally, defendant has filed a motion to prohibit inconsistent theories of prosecution, which defendant believes will be demonstrated by the production of the grand jury testimony and presentation of theories of prosecution by the government.

### II.

The decision whether to disclose grand jury testimony is traditionally committed to the sound discretion of the trial court. *United States v. Fuentes* 432 F. 2d 405 (5th Cir 1970). If a defendant could show a particularized need for the grand jury testimony that outweighs the policy of secrecy, he is entitled to invade the secrecy of grand jury proceedings. *Fuentes, supra; Pittsburgh Plate Glass Company v. United States* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed 2d 1323 (1959). Defendant believes that the issues raised by the pretrial motions concerning the length of delay demonstrate such a particularized need. Defendant believes that the original prosecution, as well as the instant charge have been presented to the grand juryies with inconsistent theories of prosecution. Additionally, based upon the testimony at the recent trial of the *United States v. Gulley*, former co-defendant herein, the record demonstrates that the government's theories regarding the alleged weapons involved have changed from the time of grand jury presentation to the time of trial. Defendant therefore can show the particularized need for the testimony of fact witnesses regarding the alleged incident and comments of the prosecutors regarding the theories of prosecution which were placed before both federal grand juries.

Wherefore, defendant requests that this Court enter its order allowing defendant to obtain copies of the grand jury presentations of fact witnesses and comments of prosecutors regarding the theories of prosecution before the grand juries related to this prosecution.

Respectfully submitted,

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW, TBL#01753700
Attorney for Defendant
485 Milam - Beaumont, TX 77701
(409) 838-4259

/s/ Robert Morrow
ROBERT MORROW, TBL#14542600
Attorney for Defendant

6630 Cypresswood Dr., #200
Spring, TX 77379
(281) 379-6901

## CERTIFICATE OF CONFERENCE

Counsel conferred with counsel for the government and the government indicated opposition to this motion.

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV(a)(3) on this the 18th day of July, 2006. Any other counsel of record will be served by facsimile transmission and first class mail, return receipt requested, on this the 18th day of July, 2006.

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

UNITED STATES OF AMERICA      §
     §
vs.      §    Criminal Number 1:06-CR-51
     §    (Judge Crone)
DAVID LEE JACKSON      §

**ORDER GRANTING DEFENDANT'S MOTION FOR GRAND JURY TESTIMONY**

**IT IS ORDERED** that Defendant's Motion is in all things:

       **GRANTED**      _____

       **DENIED**      _____