UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

**Petitioner David Lee Jackson's Partial Opposition
to the Government's Second Motion for Extension of Time
to Respond to Claim 2 of the Petition for Collateral Relief**

Petitioner David Lee Jackson, by undersigned counsel, hereby opposes the

Government's Second Motion for an Extension of Time to Respond to Claim 2 of the

Petition for Collateral Relief.  Petitioner opposes the extension as the Government has not

provided adequate grounds for the extension to respond to Petitioner's claim for relief

under *Atkins v. Virginia* and is seeking an open-ended extension of time.

As an initial matter, the Government's motion is based on inaccurate information.

In its motion, the Government seeks an extension until Doug Barlow and Rob Morrow,

trial counsel for Mr. Jackson's criminal trial, have access to their files.  Mr. Barlow and

Mr. Morrow have had access to their files for several months.  The trial counsel files

were scanned and provided to Mr. Barlow and Mr. Morrow on a CD that was sent in

LA2:922586.3

1

March of 2010.  *See* Declaration of Steven H. Bergman, ¶2 & Ex. 1.  Mr. Barlow provided one additional file to habeas counsel in June 2010, and the contents of that file were scanned and a CD of that file was sent to Mr. Barlow in June of last year.  *Id.* ¶3 & Ex. 2.  Thus, trial counsel has had access to their files for more than six months.  If trial counsel needs assistance in accessing documents on the CD's provided, habeas counsel has offered to help them locate files on the CDs and to provide hard copies of any documents that cannot be found on the CDs.  *See id.* ¶¶ 4-5.

To the extent the Government's motion is premised on Mr. Morrow and Mr. Barlow receiving their original paper files back, the Government's motion must be denied.  Under Texas law, "so long as [an attorney's] files were created in the course of the representation of the client, they belong to the client." *Resolution Trust Corp. v. H---, P.C.*, 128 F.R.D. 647, 649–650 (N.D. Tex. 1989) (ordering law firm to return its original files to the client and noting that "[a]ny documents [the law firm] wishes to keep may be copied at its own expense").  Thus, trial counsel's original files are Mr. Jackson's property.  He is entitled to retain them and neither Mr. Barlow nor Mr. Morrow have a right to seek their "return."

Mr. Jackson also opposes the Government's motion as it appears that the Government is still intending to circumvent court-supervised discovery and infringe upon Mr. Jackson's rights under the attorney-client privilege.  The Motion contemplates that the Government wants Mr. Barlow, and likely Mr. Morrow, to prepare affidavits after they have reviewed their files.  But, as the Court stated at the January 20, 2011 hearing, Mr. Barlow and Mr. Morrow need not prepare an affidavit or otherwise respond to

discovery until directed by the Court.  If the Government seeks affidavits or other discovery from Mr. Barlow and Mr. Morrow, they must make a good cause showing of why such discovery is needed and what issues they want Mr. Barlow and Mr. Morrow to address in that discovery, whether it be by affidavit, interrogatory, deposition or some other means.[1]  *See* Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*; *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997).  The Government has made no showing of good cause in its motion, nor has it complied with the numerous other federal rules governing discovery requests.

The Government's motion should also be denied, as discovery from trial counsel is not necessary to respond to the issue within Claim 2 that the Court has indicated it wants to address first.  Mr. Jackson has asserted that he is intellectually disabled, and is thus ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 504 (2002).  Whether Mr. Jackson is or is not intellectually disabled is an issue that ultimately turns on the facts asserted in Mr. Jackson's petition and expert testimony, and neither Mr. Barlow nor Mr. Morrow are mental health professionals.  Although it is conceivable that trial counsel may have some limited information that is relevant to the issue of whether Mr. Jackson is intellectually disabled, the Government has not identified what it is that it seeks from Messrs. Barlow and Morrow.  Until the Government does so, Mr. Barlow's

---

[1]     The Court's minute order from the January 20, 2011 hearing notes that a factual affidavit from Mr. Barlow was discussed.  However, the discussion focused on whether Mr. Barlow would require a Court order to prepare an affidavit if requested.  Mr. Barlow stated that he would want a Court order before responding to discovery.  There has been no motion by the Government, or an Order of this Court, that Mr. Barlow prepare an affidavit or otherwise respond to discovery.

and Mr. Morrow's views are not only protected by the attorney-client privilege, but are irrelevant. Moreover, if there is some limited purpose for which the Government does need discovery from Mr. Barlow and Mr. Morrow regarding Mr. Jackson's *Atkins* claim, and the Government has not identified one yet, it does not require Messrs. Barlow and Morrow to review all of their files.

For the foregoing reasons, Mr. Jackson opposes the Government's request for a further extension of time, opposes the Government's request that this Court order Mr. Jackson to provide the original trial files to Messrs. Barlow and Morrow, and opposes the Government's motion to the extent it contemplates obtaining affidavits or other discovery from Mr. Barlow and Mr. Morrow without complying with the discovery rules applicable to this habeas proceeding.

Dated: February 1, 2011                    RESPECTFULLY SUBMITTED,


                                           _____*/s/ Steven H. Bergman*_____
STEVEN J. OLSON (Cal Bar #182240)          JAMES C. LOHMAN (Fl Bar #0570214)
STEVEN H. BERGMAN (Cal Bar #180542)        1806 East 39th Street
O'MELVENY & MYERS LLP                      Austin, TX 78722
400 S. Hope St.
Los Angeles, CA 90071                      Attorneys for Petitioner
                                           DAVID LEE JACKSON