** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | § | |
| | § | |
| *Petitioner,* | § | Civil Action No. 1:09-CV-1039 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER

The court held a hearing on January 20, 2011, to address the Respondent United States of America's motion for extension of time to file a response to Petitioner David Lee Jackson's Petition for Collateral Relief on the mental retardation/*Atkins* hearing issue.  At the hearing, the court granted the Government's motion [Doc. # 61], stating on the record that the Government would have until February 3, 2011 to file their response.  Also during the hearing, the court ordered: (1) that Mr. Jackson's trial and appellate counsel, Doug Barlow, submit an affidavit to the Government as to the facts of which is aware surrounding the issue of mental retardation for use in the Government's response to Mr. Jackson's petition; and (2) that Mr. Jackson's habeas counsel—Steven Olson, Steven Bergman, or James Lohman—would discuss with Mr. Barlow what trial materials needed to be returned to Mr. Barlow so he could complete the aforementioned affidavit.

Now before the court is the Government's second motion for extension of time to respond to the mental retardation/*Atkins* hearing issue raised in Mr. Jackson's petition.  In the motion, the

1

Government states that, according to Mr. Barlow, Mr. Jackson's habeas counsel has not contacted him or otherwise provided the trial/appellate files to him as the court previously ordered.

Mr. Jackson's habeas counsel denies this allegation, stating that Steven Bergman contacted Mr. Barlow after the January 20, 2011 hearing, offering assistance accessing any materials on the CD copies of Mr. Barlow's file returned to him in March 2010 and hard copies of any documents that could not be accessed on CD.  Doc. # 67, Ex. A, at ¶ 5.  According to Mr. Bergman, Mr. Barlow responded that he had not attempted to use the CDs because the court had not yet ordered him to prepare an affidavit or respond to the Government's discovery requests.

Contrary to Mr. Barlow's assertion, the court did order him at the hearing to meet with habeas counsel—as apparently was done—and provide a factual affidavit.  To the extent that any attorney in this case is of the opinion that he need not comply with the court's oral orders, he is mistaken.  *See, e.g., In re Bradley,* 588 F.3d 254, 266 (5th Cir. 2009) (holding that the court's civil contempt power reaches conduct violating an oral order, where the oral order was not reduced to writing until after the violation occurred); *Yourish v. California Amplifier*, 191 F.3d 938, 987 (9th Cir. 1999) ("[A]n oral order is an 'order,' the noncompliance with which justifies . . . [Fed. R. Civ. P.] 37(b)(2) sanctions.").  When an oral order is given, counsel may assume that it has every bit the force and effect that a written order would have. The next time any attorney appearing before this court opts not to follow an order given orally, the court will order him to show cause why he should not be sanctioned.  If counsel has an objection to an order given orally, it should be made at the time the order is given; counsel is not permitted to unilaterally withhold compliance until a written order is entered.

Since counsel appear to be playing games with this very important matter, the court will state in writing what it expects of them.  It is therefore ORDERED that:

1. Mr. Barlow shall review the CD copies of material previously provided to him by habeas counsel—i.e., Steven Olson, Steven Bergman, and Jimmy Lohman—to determine what, if anything, related to the issue of mental retardation he is missing. The court understands that CDs that were to have contained copies of this material was previously provided, and that Mr. Barlow has refused to review the materials when ordered to by the court.  If Mr. Barlow determines any information relating to the issue of mental retardation is missing, he shall contact habeas counsel immediately thereafter and request copies of missing documents. Upon such request, Mr. Olson and Mr. Bergman shall immediately provide Mr. Barlow with copies of the requested files. Mr. Barlow shall review all the CD file material in this case provided by habeas counsel by February 18, 2011.

2. Mr. Barlow shall then submit an affidavit to the Government after receipt of his files, stating the facts concerning the investigation and evaluation of whether Mr. Jackson was mentally retarded.  This affidavit shall include a list of any fact and expert witnesses consulted; identification of written or oral statements obtained from, or summaries of, statements made by these fact and expert witnesses; and any reports submitted by these expert witnesses. This shall be done on or before February 25, 2011.  The court is not ordering Mr. Barlow, or co-counsel Robert Morrow, to otherwise respond to any other Government discovery request at this time.

3. The Government shall file its response to the mental retardation/*Atkins* claim (i.e., Claim 2) of Mr. Jackson's petition for collateral relief on or before March 11, 2011.

In other words, the court expects to have all of the above completed on or before March 11, 2011.

In light of the foregoing, the court will deny the Government's motion for extension of time as moot.

A copy of this Order shall be sent by the Clerk by mail to Douglas Barlow, at 485 Milam, Beaumont, Texas, 77701, and by email at dmbfed@gtbizclass.com.

3

IT IS FURTHER ORDERED that the Respondent United States of America's Motion for

Second Extension of Time [Doc. # 65] is DENIED AS MOOT.

So **ORDERED** and **SIGNED** this **3**   day of **February, 2011.**


_____
Ron Clark, United States District Judge