UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
|      *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      *Respondent.* | ) | |

**Petitioner David Lee Jackson's Motion for Protective Order**

Petitioner David Lee Jackson, by undersigned counsel, hereby moves for a

Protective Order regarding communication between the Government and Douglas Barlow

or Robert Morrow. This motion is filed pursuant to Habeas Rule 6(a) and Federal Rule

of Civil Procedure 26(c) and is made with reference to the January 20, 2011 hearing, the

Court's February 3, 2011 Order, Douglas Barlow's letter to the Court dated February 7,

2011, and the Court's February 14, 2011 Order. This motion seeks to foreclose the

possibility of privileged or other non-discoverable information reaching the Government

without providing Mr. Jackson an opportunity to object. *See* Fed. R. Civ. P. 26(c)(1)(B)

& (D) (authorizing the Court to "specify[] terms, including time and place, for the

disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the

scope of disclosure or discovery to certain matters").

1

As this Court stated during the January 20, 2011 hearing, Mr. Barlow and Mr. Morrow are not permitted to assist the Government in preparing a response to the Petition.  (Tr. 13:23–14:8.)  A recent ABA Ethics Opinion cautions that trial counsel in post-conviction proceedings is prohibited from disclosing confidential client information absent court-supervised process.  ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 10–456 (2010) (attached hereto as Exhibit A).  Where evidence is required from trial counsel, however, "the lawyer can provide evidence fully, subject to judicial determinations of relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the defendant's claim."  *Id*.

In light of this authority, Mr. Jackson requests the Court issue a protective order requiring that the affidavits prepared by Mr. Barlow and Mr. Morrow should be provided, in the first instance, to the Court and current counsel for Mr. Jackson.  Prior to the transmission of such affidavits to the Government, sufficient time should be allowed for Mr. Jackson to assert, and for the Court to resolve, any privilege, work-product or relevance objections regarding the affidavits.  Such a procedure will prevent trial counsel from inadvertently transmitting Mr. Jackson's privileged or work-product materials to the Government.  Additionally, this procedure will prevent disclosure to the Government of materials not relevant to Mr. Jackson's pending *Atkins* claim.  The Court's February 3, 2011 Order directs Mr. Barlow to prepare an affidavit stating only "the facts concerning the investigation and evaluation of whether Mr. Jackson was mentally retarded."  (Order at 3, Feb. 3, 2011.)  The Court's February 14, 2011 Order similarly directs Mr. Morrow to prepare an affidavit to "include a list of any fact and expert witnesses consulted;

identification of written or oral statements obtained from fact or expert witnesses; identification or summaries of statements made by these fact and expert witnesses; and any reports submitted by these expert witnesses relevant to mental retardation." (Order at 3, Feb. 14, 2011.) Mr. Jackson recognizes that, in some instances, the litigation of post-conviction claims necessitates the disclosure of certain trial work-product, and this motion is not an objection to the Court's February 3, 2011 and February 14, 2011 Orders requiring affidavits from Mr. Barlow and Mr. Morrow. However, absent the prophylactic measures proposed in this motion, Mr. Jackson has no means to assert a claim of privilege until after the information is disclosed. Once that occurs, the violation of privilege—through the compelled disclosure of identifying witness statements, reports, or summaries—cannot be remedied. *See e.g. In re Ford Motor Co.,* 110 F.3d 954, 963 (3d Cir. 1997) ("once putatively protected material is disclosed, the very right sought to be protected has been destroyed"). Such privileged information should not be disclosed to the Government. Directing Mr. Barlow and Mr. Morrow to initially submit their affidavits to the Court and current counsel will allow Mr. Jackson to properly object to the unwarranted disclosure of privileged or work-product material beyond the scope of the Court's orders, as well as to the disclosure of irrelevant material, and allow the Court to control the provision of appropriate discovery to the Government.

Mr. Jackson further requests that the Court order the Government not to communicate with Mr. Barlow or Mr. Morrow outside the presence of Mr. Jackson's current counsel. Such an order will provide another necessary check on the possibility of any disclosure of privileged, confidential, or irrelevant information pertaining to Mr.

Jackson. At the January 20 hearing, the Government stated, "I would like both [Mr. Barlow] and Mr. Morrow to assist the government in providing affidavits or copies of documents that are responsive to the allegations in the petition." (Tr. at 13:19–22.) Shortly thereafter, the Court clarified that Mr. Jackson's former counsel were not to assist the Government, and directed Mr. Barlow not to provide copies of Mr. Jackson's files to the Government absent Court order. (Tr. at 13:23–14:8; 18:8–18.) Mr. Jackson requests that the Court extend this order to Mr. Morrow, and to prohibit Mr. Barlow and Mr. Morrow from communicating with the Government outside the presence of Mr. Jackson's current counsel. We trust that Mr. Barlow and Mr. Morrow are aware of their ethical and professional responsibilities and intend to abide by them. A protective order consistent with the procedures outlined herein will insure that Mr. Jackson's rights to keep certain communications to his prior counsel privileged and confidential are protected.

The Court has set a schedule directing Mr. Barlow and Mr. Morrow to provide their affidavits "on or before March 11, 2011." (Feb. 14 Order at 4.) Mr. Jackson, through his counsel, will be ready to make any necessary objections by March 15, 2011. Mr. Jackson therefore requests only that the current schedule be modified to prohibit disclosure of Mr. Barlow and Mr. Morrow's pending affidavits to the Government prior to Mr. Jackson's being afforded an opportunity to object to the disclosure of privileged materials.

For the foregoing reasons and consistent with this Court's relevant statements during the January 20 hearing, Mr. Jackson respectfully requests that this Court enter a Protective Order:

(1) Requiring that any affidavits prepared by Mr. Barlow and Mr. Morrow be initially submitted to the Court and current counsel, so that Mr. Jackson can make timely privilege and relevance objections, as envisioned by ABA Formal Order 10–456;

(2) Prohibiting any communication between the Government and either Mr. Barlow or Mr. Morrow outside the presence of Mr. Jackson's current counsel; and

(3) Prohibiting the disclosure of any materials from Mr. Barlow or Mr. Morrow to the Government, absent superseding Court order.

Dated:  February 22, 2011                        RESPECTFULLY SUBMITTED,

                                                 _____/s/ Steven H. Bergman_____

STEVEN J. OLSON (Cal Bar #182240)
STEVEN H. BERGMAN (Cal Bar #180542)    JAMES C. LOHMAN (Fl Bar #0570214)
O'MELVENY & MYERS LLP                   1806 East 39th Street
400 S. Hope St.                         Austin, TX 78722
Los Angeles, CA 90071

                                        Attorneys for Defendant/Petitioner
                                        DAVID LEE JACKSON

6

**CERTIFICATE OF CONFERENCE**

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to a conversation between Steven H. Bergman, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Kerry Klintworth on February 15, 2011.  Ms. Klintworth stated that the Government takes no position on this motion.

/s/ *Steven H. Bergman*

Steven H. Bergman
