** NOT FOR PRINTED PUBLICATION **
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID LEE JACKSON,                    §
                                      §
            *Petitioner,*             §        Civil Action No. 1:09-CV-1039
                                      §
v.                                    §        JUDGE RON CLARK
                                      §
UNITED STATES OF AMERICA,             §
                                      §
            *Respondent.*             §

## ORDER ON PETITIONER'S MOTION FOR PROTECTIVE ORDER

The court held a hearing on January 20, 2011, to address the Respondent United States of America's motion for extension of time to file a response to Petitioner David Lee Jackson's Petition for Collateral Relief on the mental retardation/*Atkins* hearing issue. After attorneys in this case expressed confusion following this hearing as to what was expected of them, the court issued an Order setting out what was expected. Doc. # 68. The court then received a letter from one of Mr. Jackson's trial counsel, Doug Barlow, in which he raised more questions, and entered an Order again setting out what was expected. Doc. # 69.

Now before the court is Mr. Jackson's motion for protective order, requesting the affidavits prepared by Mr. Barlow and co-trial counsel Robert Morrow be submitted to his counsel and the court only on the previously-set deadline of March 11, 2011, so the court can address any objection on privilege grounds before the affidavits are provided to the Government. Mr. Jackson also asks that Mr. Barlow and Mr. Morrow be prevented from communicating with, or disclosing any information to, the Government before the court has ruled on any objections. Mr. Jackson's counsel indicates that they will be prepared to submit any objections to the court by March 15, 2011, so the schedule

1

currently in place will not be greatly disrupted. The Government apparently takes no position on the motion.

The court is not convinced that ABA Formal Opinion 10-456, cited by Mr. Jackson in his motion, is directly applicable to the situation here. The court has attempted to specifically limit the information Mr. Barlow and Mr. Morrow are to disclose to that which would not ordinarily be subject to non-frivolous objections from Mr. Jackson on privilege grounds. However, out of an abundance of caution, the court will GRANT Mr. Jackson's motion for protective order [Doc. # 71] to the following extent:

1.    Mr. Barlow and Mr. Morrow will submit the previously ordered affidavits, *see* Doc. # 69 at 4, to the court *in camera* with a copy to Mr. Jackson's habeas counsel on or before March 11, 2011. These affidavits are not to be filed by Mr. Barlow and Mr. Morrow or sent to the Government at this time. **To be clear, the affidavits must be sent sufficiently in advance to ensure that they arrive at the court and habeas counsel's offices on March 11, 2011.**

2.    Mr. Jackson's habeas counsel will have until March 15, 2011 at 5:00 p.m., Central Time, to submit any objections to the court, also *in camera*. Again, these objections are not to be filed and must arrive at the court by 5:00 p.m. on March 15.

3.    If no objections are submitted by March 15, Mr. Barlow and Mr. Morrow will submit their affidavits to the Government. If objections are filed, the court will rule on the objections, then direct Mr. Barlow and Mr. Morrow to submit whatever portions of the affidavit are determined not to be privileged to the Government. If necessary, the court will order that the original affidavits and objections, if any, be filed *ex parte* at a later date.

4.    The Government's deadline for filing a response to the mental retardation claims remains March 11, 2011.

So **ORDERED** and **SIGNED** this **1**  day of **March, 2011.**

_____
Ron Clark, United States District Judge

2