IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID LEE JACKSON,                          §
                                            §
                    Petitioner,             §
                                            §    NO. 1:09-cv-1039
v.                                          §
                                            §    Judge Ron Clark
                                            §
UNITED STATES OF AMERICA,                   §
                                            §
                    Respondent.             §

**GOVERNMENT'S MOTION TO COMPEL DISCOVERY**

The United States of America, by and through John M. Bales, United States

Attorney for the Eastern District of Texas (hereinafter "the government"), and the

undersigned Assistant United States Attorney files this opposed Motion to Compel

Discovery, and as grounds would show the Court as follows:

**I.**
**Background**

On March 18, 2011, this Court entered its Sealed Order on Petitioner's Objection's

to Trial Counsel Affidavits *(Doc. 75)* resultantly redacting the Affidavits of David Lee

Jackson ("Jackson") trial counsel Robert Morrow ("Morrow") and Douglas Barlow

("Barlow"). *(Docs. 76 and 77 respectively).* The redactions were predicated on

Petitioner's Motion for Protective Order *(Doc. 71),* and the Court's order on that motion

*(Doc. 72).* On March 25, 2011, the Court ordered the government to respond to the *Atkins*

claim contained in Jackson's motion under 18 U.S.C. §2255 (*Doc. 22*, *Claim* 2), on or before June 10, 2011.

## II.
### Petitioner has no right to prevent the government from obtaining information pertinent to the issues based on his *Atkins* claim.

In his motion for Protective Order, Jackson sought to prevent the government from receiving any privileged communications, or work-product from Jackson's trial counsel, relying solely on  an *American Bar Association*  ("ABA") ethics opinion.  The Court, notwithstanding its acknowledgment that the opinion may not "be directly applicable", appears[1] to have redacted from trial counsel's affidavits any and all information from any source that represents itself to be the result of communications directly with Jackson.

When a habeas petitioner claims that he received ineffective assistance of counsel he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications insofar as that litigation is concerned.  *United States v. Pinson,* 584 F.3d 972, 977-78 (10th Cir. 2009).  The Fifth Circuit has long held similarly.  *United States v.  Black,* 962 F.2d 394, 402  (5th Cir. 1992); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir.1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.").  The Supreme Court's seminal ineffective-

---

[1]The government is forced to speculate as to the exact nature and source of some of the redacted portions of the attorney affidavits.

assistance case, *Strickland v. Washington*, itself hinted at this requirement. 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ( "[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's ... litigation decisions.").

Additional federal authority is unanimous on the issue.  *See, e.g., In re Lott*,  424 F.3d. 446, 453 (6th Cir. 2005)   Cir.2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001) (holding that by bringing an ineffective-assistance claim, § 2255 movant waives attorney-client privilege with respect to conversations that "bare on strategic choices made during representation"); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir.1974) ("[Attorney-client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); The Ninth Circuit has also indicated that this rule applies as well to the attorney's work-product privilege. *Bittaker*, 331 F.3d at 722 n. 6.

**III.**
**Additional Discovery is required for the government**
**to respond to Jackson's *Atkins* claim**

The government now moves for the production of the full un-redacted versions of

Jackson's trial counsel affidavits, as well as any reports, attorney notes and

correspondence, statements or work-product that bear on trial counsel's then strategic

decision to not pursue an *Atkins* claim prior to Jackson's trial.

As clearly evidenced from their affidavits, experienced trial counsel, with much

the same historical and anecdotal evidence at hand then as now, made the strategic and

measured decision to not pursue an *Atkins* claim.  It is the government's position that

much of that decision by trial counsel was based on their own personal interaction and

communication with Jackson, as well as first hand reports of defense experts and/or

investigators that spoke directly to Jackson, or to individuals familiar with Jackson.  It can

not be understated how important these communications and work product would likely

have been to trial counsel in deciding the merits of a potential *Atkins* claim.  In fact, it is

likely that such evidence convinced trial counsel that such a claim would be without

merit.  "When a defendant has given counsel reason to believe that pursuing certain

investigations would be fruitless or even harmful, counsel's failure to pursue those

investigations may not later be challenged as unreasonable." *Moore v. Quaterman,* 526

F.Supp.2d 654, 705 (W.D. Tex. 2007).  However, it is that very type of evidence

Petitioner likely provided trial counsel, that he now attempts to prevent the government

from obtaining, and this Court from considering, in evaluating his present claim.  Such a

-4-

tactic allows Jackson now to attack the competency of trial counsel, free of the pitfalls of the government being allowed to defend their strategic decisions.  Unanimous federal authority stands firmly against that proposition.

To properly and effectively respond to Petitioner's *Atkins* claim, the un-redacted versions of trial counsel's affidavits clearly should be provided to the government, and Petitioner should also be required to disclose any information, including any and all reports, statements, notes or other documents whether once privileged or work-product, that are in any way probative of the present *Atkins* issue under 18 U.S.C. §2255 Rule 6, and Fed.R.Crim.P 12.2 and 16.[2]  For example, Petitioner claims that two experts (Dr. Victoria Swanson and Dr. Dale Watson) have reviewed the tests administered by Dr. Milam in forming her opinion that Jackson was not mentally retarded in 2006, and both subsequently found those tests flawed. However, the raw testing data (the questions, answers, and scores), which both those experts used to form their opinions, has not been disclosed to the government.  In fairness, 18 U.S.C. §2255 Rule 6, and Fed.R.Crim.P 12.2

---

[2] An example of the extreme disadvantage non-disclosure of work-product and interviews of Jackson puts the government at is illustrated by Petitioner's claims concerning Dr. Daneen Milam. Trial counsel relied on Dr. Milam's opinion that "Mr. Jackson was not mentally retarded and did not have brain damage," in making their decision to not pursue an *Atkins* claim.  *(Doc. 76,* p. 8*).*  As evidenced in Mr. Morrow's affidavit, trial counsel provided Dr. Milam with a "*lengthy interview* of Jackson, conducted by their mitigation expert, that helped form her opinion. *Id.* at 7-8.  Petitioner now claims that Dr. Milam's diagnosis was erroneous and that trial counsel should have known this. Dr. Milam's interview of Jackson is clearly probative because it was instrumental to her original diagnosis and relied upon by trial counsel.  However, Petitioner has successfully prevented the government from having any access to that interview report, or any similar reports.

and 16 provide for the disclosure of  any underlying data used by an expert in forming their opinion to the opposing party, for use in rebuttal and in responding to the *Atkins* claim, as ordered by the Court.  Petitioner's attempts to cloak himself from disclosure, based on a privilege that he has long since waived, should thus not be allowed.  And fairness requires the government not be compelled to respond to the many rapid blows in Petitioner's claim with one hand tied behind its back.

WHEREFORE,  Respondent prays that the Court grant this Motion to Compel Discovery.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

/s/ Joe Batte
JOE BATTE
Assistant United States Attorney
TXSBN:  01918070
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701-2237
(409) 839-2538 office
(409) 839-2550 fax
email:  joe.batte@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was delivered by electronic delivery to Counsel of Record, James C. Lohman, Steven H. Bergman, and Steven J. Olson, on April 12, 2011.

/s/ Joseph R. Batte
JOSEPH R. BATTE
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF CONFERENCE

Counsel has conferred with opposing counsel, Steven H. Bergman, for Petitioner, David Lee Jackson, on this date and counsel for Petitioner states that he is opposed in part and agreed in part to this motion and order.

/s/ Joseph R. Batte
JOSEPH R. BATTE
Assistant United States Attorney