** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID LEE JACKSON,                      §
                                        §
            *Petitioner,*                §        Civil Action No. 1:09-CV-1039
                                        §
v.                                      §        JUDGE RON CLARK
                                        §
UNITED STATES OF AMERICA,                §
                                        §
            *Respondent.*                §

## ORDER

The court previously entered orders concerning the redaction of affidavits of trial counsel and, based in part on the earlier agreement by the Respondent United States of America, directed that the Government's initial response to Petitioner David Lee Jackson's habeas petition be limited to the issue of mental retardation.  Docs. # 75, 80. The Government then filed a motion to compel discovery. Doc. # 83. The Certificate of Conference, signed by the Government's lead counsel Mr. Batte, stated: "Counsel has not conferred with opposing counsel, and presumes counsel for the petitioner is opposed to this motion and order." *Id.* at 7.

Because the motion failed to comply with the meet and confer requirements for discovery motions under Local Rule CV-7, the Government was required to re-file it. The Government filed the same motion five days later, with a Certificate of Conference that stated Mr. Batte had conferred with Mr. Jackson's counsel, who "states that he is opposed in part and agreed in part to this motion and order." Doc. # 84, at 7. The Government did not choose to favor the court with so much as a hint as to what agreement had been reached, and on what issues the court should spend its time.

1

A certificate that counsel have not conferred and opposition is presumed has not been permitted under the Local Rules of the Eastern District since 1999.  The rules were amended at that time, to eliminate the problem of counsel choosing not to confer.

Nevertheless, Eastern District Judges continued to have problems with lawyers filing motions before trying to resolve disputes. This wasted the time and resources of the parties, and required the courts to consider motions upon which agreement could have been reached. To resolve any doubts as what the Certificate of Conference rule required, the Judges of the Eastern District amended the Local Rules by General Order 08-5, signed March 19, 2008.  As amended, Local Rule CV-7(h), (i) sets out in detail the substantive and procedural conference requirements of a "meet and confer," as well as the requirements of a Certificate of Conference. An attorney from the United States Attorney's Office for the Eastern District of Texas has been a member of the Local Rules Committee since it was formed, and, of course, the Local Rules are available on the Eastern District's website.

Nevertheless, the court understands that a prosecutor with limited experience in filing discovery motions might use a form that is a decade or more old. However, when a motion is sent back for failing to comply with the conference requirement, the court expects that counsel will read and comply with the Local Rules before re-submitting the motion.

---

[1]*See* General Order No. 99-10 (amending Local Rule CV-7(a) to add the requirement that, with respect to all motions, "Counsel for the movant must indicate in the motion (1) that they have conferred with opposing counsel in a good faith attempt to resolve the matter without court intervention, and (2) whether the motion is opposed or unopposed."). Even prior to 1999, counsel were still required to confer in good faith to resolve discovery disputes prior to submitting the issue for court resolution. *See, e.g.*, General Order No. 99-6 (Local Rule CV-7(i)).

Instead, counsel for the Government has chosen to ignore the Local Rules, stating merely that opposing counsel "opposed in part and agreed in part to this motion and order."  The court is not going to guess at what is agreed, and what is not. The motion is denied.

The issue currently to be addressed by the parties is not whether trial counsel was ineffective, or what trial counsel's thought processes were, but whether Mr. Jackson is mentally retarded. The Government has the reports and affidavits attached to Mr. Jackson's petition, and the Government has time to have its expert witnesses evaluate the relevant materials and evaluate Mr. Jackson, in order to be prepared for the *Atkins* hearing. As to future motions, counsel is advised to read Local Rule CV-7, taking note of the provision in Local Rule CV-7(h) that an "unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action."

IT IS THEREFORE ORDERED that Respondent United States of America's Motion to Compel [Doc. # 84] is DENIED. After the *Atkins* hearing, the Government may consider whether there is a reason to request all or part of the information sought in the motion to compel from Mr. Jackson.

So **ORDERED** and **SIGNED** this **19** day of **April, 2011.**

_____
Ron Clark, United States District Judge

3