UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON,<br>　　　　*Petitioner,* | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA,<br>　　　　*Respondent.* | ) | |
| | ) | |

---

**Petitioner David Lee Jackson's Unopposed Motion to Continue *Atkins* Hearing**

---

Petitioner David Lee Jackson, by undersigned counsel, respectfully requests that the Court continue the hearing on Mr. Jackson's *Atkins* claim, scheduled for July 6–7, 2011.  Mr. Jackson cannot be ready for a hearing by that date for several reasons.  Mr. Jackson's *pro bono* counsel who have appeared in this case, Steven J. Olson and Steven H. Bergman, are leaving O'Melveny & Myers LLP.  Mr. Jackson's appointed co-counsel, James Lohman, is still awaiting instruction regarding payment of his outstanding fees, without which he cannot afford to continue working on this case.  Mr. Jackson's mental retardation expert, whose services are necessary for the *Atkins* hearing, is still awaiting payment for her approved, pre-petition work.  And, the Court has not yet approved Mr. Jackson's budget for legal, expert and investigative services for the *Atkins* hearing.  As

such, good cause exists to modify the Court's March 25, 2011 scheduling order.  The Government does not oppose this motion.

Mr. Jackson also requests that the Court expedite resolution of this motion.  Mr. Jackson is currently in custody at the United States Prison in Terre Haute, Indiana.  As the date for his currently scheduled *Atkins* hearing approaches, Mr. Jackson could be remanded to the U.S. Marshal Service for transport to Beaumont at any time.  If the hearing is continued, Mr. Jackson does not need to be moved and face the disruption and dislocation that occurs when a prisoner is transferred.

### A.    GOOD CAUSE EXISTS TO CONTINUE THE JULY HEARING

On March 25, 2011, the Court issued an Order Setting Schedule (Dkt. #80), in which the Court stated that it "will set an *Atkins* hearing for July 6, 2011 with the expectation that this hearing would take no longer than two days."  Mr. Jackson respects the Court's prerogative to manage its calendar.  However, a number of factors constitute good cause under Fed. R. Civ. P. 16(b)(4) to modify the Court's order.

First, Steven J. Olson, lead pro bono counsel for Mr. Jackson, is leaving O'Melveny & Myers LLP ("O'Melveny") for a position at Aletheia Research and Management, Inc., a private company, and therefore also leaving Mr. Jackson's legal team.  Although an end date has not yet been determined, Mr. Olson is already in the process of transitioning from O'Melveny to Aletheia.

Additionally, Steven H. Bergman, who has also appeared as *pro bono* counsel for Mr. Jackson, will be leaving O'Melveny on May 31, 2011.  Mr. Bergman is relocating his legal practice to Salt Lake City, Utah for personal reasons.  Mr. Bergman is continuing to

work *pro bono* for Mr. Jackson during this transition, but it is uncertain if he can continue to work *pro bono* for Mr. Jackson beyond a short transition period.

Thus, although O'Melveny remains committed to the representation of Mr. Jackson, and several junior lawyers at the firm will remain with the team, Mr. Jackson and O'Melveny will need reasonable time to replace Mr. Olson and Mr. Bergman with similarly experienced counsel. The new attorneys will also need reasonable time to become familiar with Mr. Jackson's case, as well as the unique body of law governing an *Atkins* hearing. Neither death penalty jurisprudence nor *Atkins* claims are part of the regular practice of any attorneys at O'Melveny, and so the need for additional time is of significant concern. The O'Melveny lawyers who are remaining on Mr. Jackson's team are committed to bringing Mr. Olson and Mr. Bergman's replacements up to speed as expeditiously as possible, and efforts are already underway to identify appropriately qualified counsel at O'Melveny.

Second, Mr. Jackson's appointed counsel is still awaiting payment of legal fees incurred preparing Mr. Jackson's petition and approval of a budget for legal fees in connection with the *Atkins* hearing. To date, lead counsel for Mr. Jackson, James Lohman, the only attorney for Mr. Jackson appointed and compensated under the Criminal Justice Act, has not been paid for any of his time expended on Mr. Jackson's case since May 23, 2010, despite the submission of bills on July 15 and October 11, 2010. Mr. Lohman is also the only lawyer for Mr. Jackson with experience in capital litigation and *Atkins* issues.

Moreover, in its Order dated January 13, 2011 (Dkt. #60) the Court instructed Mr. Jackson's counsel to submit a detailed budget for the remainder of the case, including the *Atkins* hearing.  In its Order, the Court stated "that fees and expenses incurred before the budget is submitted and reviewed will likely not be approved."  Mr. Jackson's counsel submitted a budget to the Court on April 5, 2011, but the Court has not yet approved it. As a result of the Court's orders and the current status of payment, Mr. Lohman has been instructed, in effect, not to prepare for the *Atkins* hearing until approval of the case budget.  With less than two months to go before the hearing, Mr. Lohman has not yet been able to begin substantive preparation for the hearing.

Third, as detailed in Mr. Jackson's April 29, 2011 Motion for Payment of Experts, Mr. Jackson's mental retardation expert, Dr. Victoria Swanson, is still awaiting payment for her approved services rendered in connection with the petition.  Dr. Swanson is integral to the preparation of Mr. Jackson's *Atkins* claim.  However, without payment for approved work done to date, as well as an approved budget, Dr. Swanson can not contribute substantively to preparing for Mr. Jackson's *Atkins* hearing.

Given the foregoing change in counsel and open payment and budget issues, Mr. Jackson would be prejudiced if forced to proceed with an *Atkins* hearing on July 6, 2011. Therefore, Mr. Jackson respectfully requests that the Court continue the *Atkins* hearing.

**B.    BOTH PARTIES REQUEST ADDITIONAL TIME BE
    ALLOTTED FOR MR. JACKSON'S *ATKINS* HEARING**

The parties have conferred about the scheduling, and agree that more than two days will be necessary for Mr. Jackson's *Atkins* hearing.  Indeed, *Atkins* hearings can

4

often take several days.  *See, e.g., U.S. v. Lewis*, 2010 WL 5418901 at *1 (N.D. Ohio Dec. 23. 2010) (*Atkins* hearing of six days); *U.S. v. Hardy*, ___ F. Supp.2d ___, 2010 WL 4909550 at *1 (E.D. La. Nov. 24, 2010) (*Atkins* hearing of eight days); *U.S. v. Davis*, 611 F.Supp.2d 472, 474 (D. Md. 2009) (*Atkins* hearing "lasted six days").  Here, the parties believe that four days will be needed for Mr. Jackson's case, the Government's case, and rebuttal.

## C.    THE CONTINUED HEARING DATE

In a footnote, the Court stated that "a possible conflict in the court's schedule" might require that the hearing be set for August 24–26, 2011.  (Order at 1, March 25, 2011.)  Mr. Jackson's counsel proposed this date for a hearing during the conference on this motion, but counsel for the Government, Joseph Batte, has a lengthy trial scheduled for September that will require extensive preparation and that will make it impossible for him to handle the *Atkins* hearing adequately in August.  AUSA Batte further informed Mr. Jackson's counsel on May 10, 2011, that he and his wife are expecting a child due a week before the July hearing date, and that they will be inducing labor if she does not deliver by July 5.  In light of these commitments, the first time available for both Petitioner and the Government is November 2011.  Mr. Jackson therefore respectfully requests that the Court schedule the *Atkins* hearing for November, 2011.

LA2:929352.4                                    5

Dated:  May 12, 2011                        RESPECTFULLY SUBMITTED,


                                            _____ */s/ Steven H. Bergman* _____

STEVEN J. OLSON (Cal Bar #182240)          JAMES C. LOHMAN (Fl Bar #0570214)
solson@omm.com                             jclohman@yahoo.com
STEVEN H. BERGMAN (Cal Bar #180542)        1806 East 39th Street
sbergman@omm.com                           Austin, TX 78722
O'MELVENY & MYERS LLP                      Phone/Fax: 512.542.9947
400 S. Hope St.
Los Angeles, CA 90071                      Attorneys for Petitioner
Phone: 213.430.7628                        DAVID LEE JACKSON
Fax: 213.430.6407

LA2:929352.4                        6

## CERTIFICATE OF CONFERENCE

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to a conversation between James C. Lohman, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Joseph Batte on April 28, 2011.  Mr. Batte stated that the Government does not oppose this motion.


_/s/ James C. Lohman_
James C. Lohman

# CERTIFICATE OF SERVICE

I, Senette Neyland, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, CA 90071-2899. On May 12, 2011, 2010, I caused the within document(s) to be served:

> **Petitioner David Lee Jackson's Unopposed Motion to Continue *Atkins* Hearing; and**
>
> **Order Continuing *Atkins* Hearing.**

☒   | by the USDC [LIVE] Eastern District of Texas - Beaumont Division CM/ECF system on all interested parties registered for e-filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2011, at Los Angeles, California.

_____
Senette Neyland