** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | § | |
| | § | |
| *Petitioner,* | § | Civil Action No. 1:09-CV-1039 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER

For the reasons discussed on the record at the June 13, 2011 hearing, the court GRANTS IN

PART Petitioner David Lee Jackson's Motion to Establish Conditions of the Government's *Atkins*

Evaluation [Doc. # 96] and ORDERS as follows:

1.    The Government shall notify Mr. Jackson's counsel in writing of its intention to administer testing on the issue of mental retardation. This notice shall be delivered to Mr. Jackson's counsel no later than ten days prior to the examination. As the Government has already informed Mr. Jackson's counsel that the examination will be conducted by its expert Dr. James Seward, the Government's notice need not contain the name of the examiner unless it will be conducted by someone other than Dr. Seward. Similarly, because the Government provided a list of the tests that Dr. Seward would be conducting to Mr. Jackson's counsel on June 16, 2011, the notice need not reiterate the tests that will be conducted unless the testing Dr. Seward plans to conduct differs from that disclosed in the June 16 list.

2.    Mr. Jackson may object to the list of tests, no later than three days of this Order, only if he believes that one or more of the tests included on the list are completely inappropriate for testing mental retardation. Mr. Jackson shall include citations, either in case law or the psychological literature, to support this contention. All other objections will be held until the November 2011 hearing.

3.    Neither Dr. Swanson nor any of Mr. Jackson's counsel will be permitted to contemporaneously observe or monitor the Government expert's testing.

4.      Any notes taken by the Government expert will be preserved for later production to Mr. Jackson's counsel.

5.      No statements made by Mr. Jackson in the course of the Government's examination, and no testimony by the Government expert based on such statements, may be admitted into evidence against Mr. Jackson in any criminal proceeding, except on an issue relating to the November 2011 *Atkins* hearing. The testimony is admissible only at that proceeding and for no other purposes.

6.      The Government's testing will be limited to that directly relevant to the *Atkins* hearing.

7.      To the extent it has not done so already, the Government will disclose to Mr. Jackson's counsel all records reviewed by the Government expert including, but not limited to, records maintained by the Bureau of Prisons. The Government shall do so within seven calender days of this Order.

8.      To the extent not already provided, after the Government has conducted its testing, Mr. Jackson's counsel shall provide counsel for the Government with Dr. Swanson's raw data—including any interview notes, testing instruments, and test results. Mr. Jackson's counsel shall do so within seven calender days of the Government's testing.

9.      To the extent not already provided, the Government shall provide to Mr. Jackson's counsel the following information: (1) Dr. Seward's curriculum vitae and retention and billing agreement(s) with the Government; (2) a list of all materials that the Government has provided to Dr. Seward; and (3) Dr. Seward's notes and other raw testing materials. To the extent an expert other than Dr. Seward is used, the Government should instead turn over all of the above information as to that expert. Counsel for the Government shall do so within seven calender days of the Government's testing.

10.     The interview portion only of the Government's evaluation of Mr. Jackson shall be videotaped. Although the court stated at the June 13 hearing that it was inclined to permit videotaping of the entire evaluation, for the protection of the Government expert, subsequent submissions from the Government have indicated that Dr. Seward will not administer the tests even with an unobtrusive video monitor and restrictions on who will view the video.

11.     The entire video record of the interview portion shall be provided to both Mr. Jackson's counsel and counsel for the Government. The video record shall be held in confidence, and is to be viewed only by counsel, their respective legal asistants,

2

their respective identified experts, and the court.

12.  All Counsel in this case their assistants and their respective experts are **ORDERED** not to release, or allow viewing of, any video or audio record, reports, notes, test scores, raw data,  testing materials, or test results, relating to Mr. Jackson to any person who is not an attorney who has appeared in this case or their legal assistant or an expert identified in this case, without prior approval of this court.  After the hearing and appeal is final, all copies of notes, reports,test materials, raw data, video and audio recordings, and transcripts of recordings relating to any test or interview of Mr. Jackson shall be returned to the party producing the same.

So **ORDERED** and **SIGNED** this **18** day of **June, 2011.**

_____
Ron Clark, United States District Judge

3