UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**Petitioner David Lee Jackson's Objections to Government Tests and Motion for Order to Permit Counsel's Presence During the Interview Portion of the Evaluation**

---

In its June 20, 2011 Order (Dkt. No.101), this Court wrote, "Mr. Jackson may object to the list of tests, no later than three days of this Order, only if he believes that one or more of the tests included on the list are completely inappropriate for testing mental retardation. Mr. Jackson shall include citations, either in case law or the psychological literature, to support this contention."

Mr. Jackson does not object to the monitored administration of the Mini Mental State Exam, the Wechsler Adult Intelligence Scale, Fourth Edition, the Wide Range Achievement Test, Fourth Edition, or the Test of Adult Reading. Mr. Jackson does object to the unmonitored administration of these or any other tests and further objects to these tests being administered by Government expert Dr. James Seward without

1

monitoring.  The work of the Forensic Panel, of which Dr. Seward is a member, has been criticized previously for its lack of objectivity in *Atkins* proceedings.  *See United States v. Shields*, No. 04-20254 (W.D. Tenn. May 11, 2009) (Dkt. No. 557) (stating, at 7 n.3, "[c]ontrary to the assertion of the Government's experts that Dr. Greiffenstein's report qualifies [as] a 'peer reviewed' assessment, the Court finds that The Forensic Panel's use of that term is misleading and that there was no 'peer review' performed that would be consistent with the generally accepted understanding of that term.").  Moreover, although Mr. Jackson has yet to be provided with any discovery regarding Dr. Seward,[1] to the best knowledge of counsel, Dr. Seward has never found a defendant to be mentally retarded and therefore ineligible for the death penalty under 18 U.S.C. § 3596(c) or *Atkins v. Virginia*, 536 U.S. 304, 317 (2002).  Based on his biography on the Forensic Panel website, Dr. Seward's specialty appears to be Alzheimer's Disease, and nothing in his biography suggests skill or experience in assessing mental retardation.  James D. Seward, Ph.D.—Biography, *available at* http://www.forensicpanel.com/about/our_experts/expert/20945.html.  A prior biography on the John Jay Alumni website noted that "[w]hen he is not *fighting crime*, Dr. Seward likes to grow tomatoes"—not the description of a neutral expert with a dispassionate interest in these proceedings.  https://johnjay.jjay.cuny.edu/alumni/onTheMove.asp (emphasis added).  Further briefing on the need for monitoring will be immediately

---

[1] As noted in Mr. Jackson's Motion concerning the *Atkins* evaluation, counsel for Mr. Jackson first requested discovery from the Government concerning Dr. Seward nearly one month ago.  At that time, counsel requested identification of the materials provided to Dr. Seward, a copy of Dr. Seward's curriculum vitae and a copy of the Government's retention agreement with Dr. Seward. The Government has yet to provide this material.

forthcoming.

Also, in light of the fact that this Court has not raised any objections to observation during the *interview* portion of the evaluation, and this Court's June 20, 2011 Order only states that "[n]either Dr. Swanson nor any of Mr. Jackson's counsel will be permitted to contemporaneously observe or monitor the Government expert's *testing* [emphasis added][,]" Mr. Jackson's counsel would like to attend the interview portion of Dr. Seward's evaluation and requests an Order from this Court instructing the Bureau of Prisons to accommodate this presence.  As the interview portion raises particular concerns regarding Mr. Jackson's Fifth and Sixth Amendment rights, *see Estelle v. Smith*, 451 U.S. 451 (1981), which this Court itself acknowledged at the June 13, 2011 hearing on this matter, videotape is insufficient.  Counsel has visited the Special Confinement Unit at USP Terre Haute on a number of occasions, and notes that there are a number of separate visiting rooms that could accommodate counsel separately while actual testing is conducted, should the Court decline to reconsider its order regarding observation of the testing, as well.

//

//

//

//

//

//

//

3

Dated: June 23, 2011

RESPECTFULLY SUBMITTED,

*/s/ Christopher Craig*

CHRISTOPHER CRAIG (Cal Bar # 257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Phone: 213.430.6029
Fax: 213.430.6407

STEVEN H. BERGMAN (Cal Bar #180542)
steven@bergmanesq.com
Law Office of Steven H. Bergman
P.O. Box 951
Draper, Utah 84020
Phone: 801.601.1087

JAMES C. LOHMAN
(Fl Bar #0570214)
jimmylohman@gmail.com
1806 East 39th Street
Austin, TX 78722
Phone/Fax: 512.542.9947

Attorneys for Petitioner
DAVID LEE JACKSON

4

5

## CERTIFICATE OF CONFERENCE

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to conversations between Christopher Craig, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Joseph Batte on June 23, 2011.  Mr. Batte stated that the Government opposes counsel for Mr. Jackson attending the interview.

/s/ *Christopher Craig*
Christopher Craig

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2011, I sent a true and correct copy

of the foregoing instrument, using the Court's CM/ECF, to Joseph Batte, AUSA, U.S.

Attorney's Office -- Beaumont, 350 Magnolia, Suite 150, Beaumont, TX 77701.


/s/ *Christopher Craig*

CHRISTOPHER CRAIG