UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**Petitioner David Lee Jackson's *Unopposed* Motion To Continue *Atkins* Hearing**

---

In light of issues raised by Government expert Dr. James Seward's final report, as well as a serious medical condition facing Mr. Jackson's expert, Dr. Victoria Swanson, that will prevent her from attending the *Atkins* hearing currently scheduled for November 8-10, 2011 (which both Dr. Swanson and counsel only learned of today, *see infra* § I.B), Mr. Jackson moves for a continuance. The Government, which does not oppose this motion, also believes that a continuance of the *Atkins* hearing "is appropriate and would promote the ends of justice under the circumstances of this case." (Declaration of Christopher Craig ("Craig Decl.") at ¶ 13.)

With only a month until the *Atkins* hearing, Mr. Jackson has not received all the materials cited in Dr. James Seward's final expert report. In addition, Dr. Seward's final report raised for the first time several new issues requiring further investigation and

1

discovery.  In particular, Dr. Seward reported that he had reached his conclusions in partial reliance on the opinions of Dr. Chad Lohman, Mr. Michael Mattes, Mr. Gregory Hawkins, Mr. John Feeney, and Mr. Eric Weidenbenner.  Mr. Jackson will promptly pursue discovery on these individuals because they now form a significant portion of the basis for Dr. Seward's opinion.  In order to subject Dr. Seward's report and conclusions to meaningful adversarial testing at the *Atkins* hearing, Mr. Jackson must be provided with all the materials cited in Dr. Seward's report, and be allowed adequate time to pursue relevant discovery and fact investigation regarding Dr. Seward's sources and conclusions.

## I.      BACKGROUND

### A.      Discovery

On June 20, 2011, the Court entered an Order establishing mutual expert-related discovery obligations and setting conditions for the Government's *Atkins* evaluation. (Dkt. 101.)  Specifically, the Court ordered that, *inter alia*:

> 7. To the extent it has not done so already, the Government will disclose to Mr. Jackson's counsel all records reviewed by the Government expert including, but not limited to, records maintained by the Bureau of Prisons. The Government shall do so within seven calender days of this Order.
> […]
> 9. To the extent not already provided, the Government shall provide to Mr. Jackson's counsel the following information: (1) Dr. Seward's curriculum vitae and retention and billing agreement(s) with the Government; (2) a list of all materials that the Government has provided to Dr. Seward; and (3) Dr. Seward's notes and other raw testing materials.  To the extent an expert other than Dr. Seward is used, the Government should instead turn over all of the above information as to that expert.  Counsel for the Government shall do so within seven calender days of the Government's testing.

As both sides' experts continued to receive relevant materials, the parties treated the above obligations as ongoing, and have continued to exchange information as it has been received.

On June 28, 2011, the Court extended the Government's deadline to respond to Mr. Jackson's *Atkins* claim to August 15, 2011.  (Dkt. 109.)  On July 29, 2011, in light of mutual difficulties the parties were having in producing *Atkins*-related discovery, the Court granted the Government's unopposed motion to extend the deadline for compliance with discovery obligations on the *Atkins* claim to August 15, 2011, and the deadline for the Government's response to Mr. Jackson's *Atkins* claim to August 28, 2011. (Dkt. 115.)  On August 1, 2011, Mr. Jackson completed his production of then-existing expert discovery to the Government.[1]  (Craig Decl. at ¶ 3.)  On August 25, 2011, the Government produced a report from Dr. Seward – but it was only a "preliminary" report. (*Id*. at ¶ 4.)  And so, on September 15, 2011, when the parties appeared before the Court for a status update, the Court again extended the Government's deadline, allowing the Government to serve Dr. Seward's final report by September 23, 2011.  (Dkt. 122.)  On September 23, 2011, the Government provided a final report from Dr. Seward as well as additional materials that had been provided to him.  Dr. Seward's final report references ten new categories of materials on which he relied in reaching his final conclusions, including 11 educational records, extensive email correspondence, and five separate

---

[1] On October 7, 2011, Dr. Swanson informed counsel for Mr. Jackson of additional information about Mr. Jackson's adaptive behavior gathered from those who knew him before the age of 18. These materials will produced to the Government as soon as feasible in light of her medical condition.  (Craig Decl. at ¶¶ 11–12.)

interviews with Bureau of Prisons ("BOP") personnel who had not been identified in his "preliminary" report.  (Craig Decl. at ¶ 8.)

The Government's document production, although voluminous, was not indexed in conjunction with Dr. Seward's final report, and thus it was impossible as a practical matter for Mr. Jackson's counsel to know on September 23, 2011 whether the Government had then produced all materials as required by the Court's prior discovery order.  Subsequent review of the roughly 10,000 pages of materials produced by the Government revealed, however, that many items were missing from the Government's production.  Mr. Jackson's counsel reported these omissions to the Government in letters of September 28, 2011 and October 5, 2011.  (*Id*. at ¶ 9.)  Specifically, Mr. Jackson's counsel indicated that he had not received the following materials cited in Dr. Seward's report:

| 14 | Partial undated trial and appellate counsel claim |
|---|---|
| 24 | News release, October 30, 2006 |
| 25b | Records from Beaumont Hospital in Royal Oak, Michigan |
| 31 | Internet postings regarding Mr. Jackson |
| 38k | Email with curricula for Economics and For All Practical Purposes -- An Introduction to Contemporary Mathematics |
| 40 | Email correspondence from Ms. Jasmin Jenni dated September 3, 2011 |
| 43 | Telephonic Interview with Michael R. Mattes, CODE Treatment Specialist at USP Beaumont, on September 22, 2011 (audio recorded). |
| 44 | Telephonic Interview with Gregory Hawkins, Correctional Counselor at USP Beaumont, on September 22, 2011 (audio recorded) |
| 45 | Telephonic Interview with FBOP Special Investigation Agent John Feeney on September 22, 2011 (audio recorded) |

| 46 | Telephonic Interview with FBOP psychologist Dr. Chad Lohman on September 22, 2011 (audio recorded) |
| 47 | Telephonic interview on September 23, 2001 with Eric Weidenbenner, Education Specialist at USP Terre Haute (audio recorded) |
| 48 | Initial attempt to evaluate Mr. Jackson, May 27, 2011 |
| 50 | Telephone conference with peer reviewers on August 5, 2011 |

Of these materials, all but the first four were mentioned for the first time in Dr. Seward's final report of September 23, 2011.  (Craig Decl. at ¶ 9.)

The Government has been sending the missing materials on a rolling basis since October 3, 2011.  (Craig Decl. at ¶ 10.)  While Mr. Jackson does not question the Government's good faith in this regard, it nonetheless remains the case that, to date, the Government has produced only the emails from Ms. Jenni and recordings of two of the five phone interviews conducted by Dr. Seward.  (*Id.*)  The other missing materials remain outstanding as of this date, and, as of this date, the Government has made no specific commitment as to when they will be produced.  (*Id.*)

In addition, on September 16, 2011, Mr. Jackson requested additional materials regarding the "peer review" process utilized by Dr. Seward in preparing his report.  (*Id.* at ¶ 7.)  While the Government has agreed to produce such materials, to date it has only produced three documents responsive to Mr. Jackson's September 16, 2011 requests – the resumes of the three members of the Forensic Panel who "peer reviewed" Dr. Seward's final report.  (*Id.* at ¶ 10.)  Again, as of this date, the Government has made no specific commitment as to when its production will be completed.  (*Id.* at ¶ 7.)

Finally, it is important to note that Dr. Seward's final report incorporates extensive materials from the BOP as well as numerous interviews with BOP personnel.  Although

this Court previously denied (without prejudice) Mr. Jackson's renewed motion for discovery from the BOP, in light of the Court's stay of other claims pending resolution of the *Atkins* issue (Dkt. 118), Dr. Seward's final report now makes indisputably clear that various BOP records and personnel will be relevant – if not essential – to the Government's case at upcoming *Atkins* hearing.  Mr. Jackson needs access to the relevant BOP records and personnel in order to ensure a complete presentation of the evidence at the *Atkins* hearing, and, to that end, will file renewed discovery motions demonstrating the relevance of such information to his *Atkins* claim during the week of October 10.

**B.      Dr. Victoria Swanson**

Today, October 7, Dr. Swanson, who is Mr. Jackson's primary expert regarding mental retardation/intellectual disability, was informed that she has a cancerous tumor that will require surgery, chemotherapy, radiation or some combination thereof.  She meets with an oncologist on October 13, at which time she will learn what specific treatment is recommended and what the prognosis is for her recovery.  While this does not appear to be a grave situation, it nevertheless renders Dr. Swanson unable to prepare for and testify at the *Atkins* hearing if it is held on November 8-10.  Dr. Swanson anticipates that the course of treatment and recovery will not be long-term and is hopeful that her condition will be significantly improved within the next two months.  (Craig Decl. at ¶ 12.)  Dr. Swanson relayed this information to counsel for Mr. Jackson shortly before counsel's intended filing of the instant motion.  This development, which arrived late in the day, did not inform counsel's prior communications with the Government regarding this motion.  (*Id.*)  It does, however, constitute an independent and sufficient

6

reason for the requested continuance – especially in light of the critical importance of expert testimony to the *Atkins* issue, and the substantial and irreplaceable work that Dr. Swanson has already performed in that regard.

## II.   <u>ARGUMENT</u>

Almost eight weeks have passed since the August 15, 2011 *Atkins*-related discovery deadline – nearly two-thirds of the time between the scheduled date for completion of discovery and the *Atkins* hearing.  As the Government continues to produce discovery materials, Mr. Jackson's counsel is working diligently to review those materials, ascertain what remains missing, and to prepare motions for additional discovery that has become critical in light of Dr. Seward's final report.  But, as of now, all relevant discovery materials cannot, as a practical matter, be produced by the Government in time for Mr. Jackson's counsel to meaningfully review, make use of, and respond to such materials – without additional time to prepare, Mr. Jackson's preparation for the *Atkins* hearing will be prejudiced.

Mr. Jackson intends to move the Court for discovery during the week of October 10, 2011 in order to pursue relevant information rebutting and undermining Dr. Seward's final conclusions.  Generally speaking, these motions will seek documents pertaining to the BOP personnel on whose opinions and observations Dr. Seward relies in his final report, as well as depositions of these individuals, and relevant BOP materials that may exculpate Mr. Jackson and/or rebut the BOP materials selected by Dr. Seward to support his conclusions.  Now that Dr. Seward has cited Dr. Chad Lohman, Michael Mattes, Gregory Hawkins, BOP Special Investigator John Feeney, and Education

Specialist Eric Weidenbenner, and confirmed his reliance on Ms. Tina Hauck and Ms. Margie Bier, Mr. Jackson must have discovery that will allow him to assess and meaningfully test the credentials of Dr. Seward's "sources." These individuals are not trivial. Though unmentioned in his preliminary report, Dr. Seward substantially relies on the statements and opinions of these individuals in evaluating six of the eleven adaptive behavioral categories analyzed in his report (Communication, Self-Care, Social Skills, Use of Community Resources, Self-Direction and Leisure). (*See* Seward Report at 11-15.)[2]

Moreover, although Dr. Seward's preliminary report suggested that assessment of Mr. Jackson's adaptive behavior would be a central issue at the *Atkins* hearing in November, Mr. Jackson was only informed on September 23 of the sources and basis for the majority of Dr. Seward's conclusions on adaptive deficits. Because of Dr. Seward's delay, Mr. Jackson has been deprived of most of his available time to pursue discovery and independent fact investigation that may refute or undermine Dr. Seward's conclusions – in fact, Mr. Jackson still has not received all of Dr. Seward's materials regarding these witnesses. Since BOP regulations do not even permit Mr. Jackson's counsel to speak with these witnesses absent Court order, more time is indisputably necessary for Mr. Jackson to seek and enforce discovery regarding Dr. Seward's sources.

In ordinary criminal proceedings, the relevant circumstances in determining a motion for continuance include "the amount of time available, the defendant's role in

---

[2] Dr. Seward's report was attached to an email from Mr. Hobbs to Christopher Craig and copied to Jody Frampton dated September 23, 2011. We will re-send it to Ms. Frampton promptly if needed.

shortening the time needed, the likelihood of prejudice from a denial, and the availability of discovery from the prosecution." *United States v. Hopkins*, 916 F.2d 207, 217 (5th Cir. 1990). A continuance is warranted here under all these factors. Mr. Jackson has only a month until the *Atkins* hearing, and it remains uncertain when the Government will complete its *Atkins*-related discovery. Mr. Jackson had no role in creating the current time crisis. The prejudice of requiring Mr. Jackson to proceed to an *Atkins* hearing without his expert witness and without an opportunity for meaningful fact investigation and discovery on more than half of the Government's adaptive deficit allegations is palpable and severe – indeed, in light of Mr. Jackson's IQ scores, even Dr. Seward would likely diagnose Mr. Jackson as mentally retarded if he were wrong about adaptive deficits. Lastly, all the discovery that will be sought can be readily obtained with a reasonable amount of additional time and further subpoenas and orders from the Court.

## III.   CONCLUSION AND PRAYER FOR RELIEF

Mr. Jackson's attorneys and expert(s) have been prevented from adequately preparing for the *Atkins* hearing due to the lack of timely production by Dr. Seward of his "final" report and a complete set of the materials which form the basis for his opinions. As such, absent a continuance to enable Mr. Jackson to conduct additional fact investigation and seek appropriate discovery, Mr. Jackson is at serious risk of being foreclosed from meaningfully presenting his evidence and rebutting the Government's case at the hearing.

WHEREFORE, Mr. Jackson respectfully moves this Court to continue the *Atkins* hearing currently scheduled for November 8-11, 2011 until the defense is provided all

relevant discovery by the Government, and until this Court rules on Mr. Jackson's

forthcoming motions for discovery of information made relevant and material by

Dr. Seward's September 23, 2011 report and any such discovery has been completed.

Mr. Jackson respectfully proposes the dates of April 3-5, 2012 for the rescheduled

hearing, in light of the scheduling parameters noted by the Court at the September 15,

2011 status conference.

Dated:  October 7, 2011.

Respectfully Submitted,

*/s/ CHRISTOPHER B. CRAIG*

CHRIS A. HOLLINGER (Cal Bar # 147637)
chollinger@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Phone: 415.984.8906
Fax: 415.984.8701

CHRISTOPHER B. CRAIG (Cal Bar # 257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Phone: 213.430.6029
Fax: 213.430.6407

JAMES C. LOHMAN
(Fl Bar #0570214)
jimmylohman@gmail.com
1806 East 39th Street
Austin, TX 78722
Phone/Fax: 512.542.9947

Attorneys for Petitioner
DAVID LEE JACKSON

10

## CERTIFICATE OF CONFERENCE

This motion is filed in accordance with the "meet and confer" requirement of

L.R. CV-7(h), pursuant to e-mail correspondence between Chris Hollinger, undersigned

counsel for Mr. Jackson, and Assistant United States Attorney Robert Hobbs on

October 7, 2011.  In that correspondence, Mr. Hobbs specifically stated that the

Government does not oppose this motion for continuance, and that the Government

agrees with the following statement:  "The Government believes that a continuance of the

*Atkins* hearing is appropriate and would promote the ends of justice under the

circumstances of this case."


       /s/ *Chris A. Hollinger*
       Chris A. Hollinger

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing "Petitioner

David Lee Jackson's *Unopposed* Motion To Continue *Atkins* Hearing" upon counsel for

Respondent by sending same via CM/ECF:


Joseph Robert Batte
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 839-2538
Fax: (409) 839-2550
Email: joe.batte@usdoj.gov

Robert Lavelle Hobbs
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 981-7912
Fax: (409) 839-2550
Email: robert.hobbs@usdoj.gov

Alan Reeve Jackson
U S Attorney's Office - Tyler
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: alan.jackson@usdoj.gov

Traci Lynne Kenner
U S Attorney's Office - Beaumont
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: traci.kenner@usdoj.gov

John Malcolm Bales
U S Attorney's Office - Lufkin
451 S. First St., Suite 201
Lufkin, TX 75901
(936) 639-4003
Fax: (936) 639-4033
Email: malcolm.bales@usdoj.gov


this 7th day of October, 2011.


                                           */s/ Christopher B. Craig*

12