UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON,<br>    *Petitioner,* | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA,<br>    *Respondent.* | ) | |
| | ) | |

---

**Declaration of Christopher B. Craig
In Support of David Lee Jackson's Unopposed Motion for Continuance**

---

I, CHRISTOPHER B. CRAIG, declare as follows:

1.  I am an Associate Attorney at O'Melveny & Myers LLP ("O'Melveny"), 400 South Hope Street, Los Angeles, CA 90071.  I make this declaration in support of Petitioner David Lee Jackson's Unopposed Motion for Continuance.  I have personal knowledge of the facts set forth herein, or have obtained that knowledge from a review of the files maintained by our office in connection with our representation of Mr. Jackson. If called to testify as a witness I would and could testify competently thereto.

2.  I have kept in regular contact with Assistant United States Attorney Robert Hobbs regarding mutual discovery obligations in this matter.  Mr. Hobbs has been responsive and helpful, although discovery from the Government remains incomplete.

3.  On August 1, 2011, I sent Mr. Hobbs all existing notes and data from Dr. Victoria Swanson's evaluation of Mr. Jackson.  In a cover letter to these materials, I informed Mr. Hobbs that we believed Mr. Jackson's discovery obligations pursuant to the June 20, 2011 Order (Dkt. 101) were complete.

4. On August 28, 2011, the Government produced a preliminary report from its expert, Dr. James D. Seward, along with a note discussing Dr. Seward's request for additional discovery materials.

5. On September 13, 2011, I discussed with Mr. Hobbs by phone the incompleteness of Dr. Seward's report and the Government's discovery. Mr. Hobbs did not have an estimate of when Dr. Seward would complete his report. Mr. Hobbs agreed to contact the Court to request a hearing to discuss the delay. The Court scheduled this hearing for September 15, 2011.

6. On September 15, 2011, the Court ordered that the Government submit Dr. Seward's report, and any additional materials on which Dr. Seward had relied, by September 23, 2011.

7. On September 16, 2011, I wrote to Mr. Hobbs requesting additional materials regarding Dr. Seward's peer review process. Mr. Hobbs agreed to produce these materials on September 29, 2011.

8. On September 23, 2011, the Government provided a final report from Dr. Seward as well as additional discovery materials that had been provided to him. Dr. Seward's final report referenced ten new categories of materials on which he relied in reaching his final conclusions, including 11 educational records, extensive email correspondence, and five separate interviews with new Bureau of Prisons ("BOP") personnel.

9. The Government's production was not indexed in conjunction with Dr. Seward's final report, and so I directed a paralegal at O'Melveny to determine if the Government's discovery was complete. She reported to me that several items were missing from the Government's production to Mr. Jackson, all but four of which were first mentioned only in Dr. Seward's final report. I reported these omissions to Mr. Hobbs in letters on September 28, 2011 and October 5, 2011.

10.  Mr. Hobbs began sending these absent materials to me on October 3, 2011. To date, I have received only resumes from three of Dr. Seward's peer reviewers, emails from Ms. Jasmin Jenni, and recordings of two phone interviews conducted by Dr. Seward.  Mr. Hobbs has agreed on the need to produce all of the outstanding materials cited in my prior letters, but has not provided an estimate as to when he will complete this production.

11.  On October 7, 2011, in preparing this motion, I contacted co-counsel James Lohman to confirm that all discovery from Dr. Victoria Swanson was complete.  Mr. Lohman agreed to reach out to Dr. Swanson immediately regarding any additional discovery materials.

12.  After his call with Dr. Swanson on October 7, Mr. Lohman relayed to me that Dr. Swanson had additional information about Mr. Jackson's adaptive behavior gathered from those who knew him before the age of 18.  We will produce these materials to the Government as soon as feasible.  Mr. Lohman further informed me that Dr. Swanson had learned today (October 7) that she has a cancerous tumor near her breast.  The tumor will require surgery, chemotherapy, radiation, or some combination of these treatments, which will prevent her from preparing for or attending the *Atkins* hearing scheduled for November 8–10.  Dr. Swanson is meeting with an oncologist on October 13, 2011, at which time she will have more information regarding her recommended treatment and the prognosis for her recovery.

13.  Also on October 7, 2011, prior to our learning of Dr. Swanson's condition, Christopher Hollinger, a partner at O'Melveny, contacted Mr. Hobbs regarding our continuance motion.  Mr. Hollinger copied me on the correspondence.  Mr. Hobbs stated that he did not oppose the motion, and he agreed to the inclusion of the following statement in our continuance motion: "The Government believes that a continuance of the *Atkins* hearing is appropriate and would promote the ends of justice under the circumstances of this case."

- 3 -

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct.  Executed this 7th day of October, 2011, in Los Angeles, California.

__/s/ *CHRISTOPHER B. CRAIG*__
CHRISTOPHER B. CRAIG