IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON | § | NO. 1:09-CV-1039 |
| | § | (Judge Ron Clark) |
| v. | § | |
| | § | Criminal No. 1:06-CR-51, |
| UNITED STATES OF AMERICA | § | (Judge Marcia Crone) |

**GOVERNMENT'S RESPONSE IN OPPOSITION - LIMITED TO CLAIM 1 OF PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

In the first claim of his motion under 28 U.S.C. § 2255 and Fed. R. Crim. P. 33, David Lee Jackson contends that the death sentence violated his constitutional rights because it was based on a single statutory aggravating factor that occurred after the capital offense. As shown below, the plain language of the Federal Death Penalty Act and the sole authority on point permit statutory aggravating factors based on conduct that occurs after the offense for which the death penalty was sought. Jackson's sentence was not constitutionally infirm. Nor was his counsel ineffective for failing to raise this legally infirm argument at trial or on direct appeal.

**I.** Procedural History

On April 20, 2005, a United States Grand Jury for the Eastern District of Texas returned a two-count indictment against Jackson and Arzell Gulley. (1 R. 32-35).[1] Count

---

[1] The record on appeal consists of three volumes of pleadings and 26 transcripts. The pleadings volumes will be referred to by volume number, followed by "R" and the page number. The 13-volume transcript of the trial will be referred to by volume number, followed by "T Tr."

1

One charged both defendants with murder and aiding and abetting, in violation of 18 U.S.C. §§ 1111 and 2.  (1 R. 32).  Count Two charged both defendants with possession of a dangerous weapon in a prison and aiding and abetting, in violation of 18 U.S.C. §§ 930(c) and 2.  (1 R. 32).  With respect to Count One, the indictment alleged all four of the statutory intent elements for the death penalty under 18 U.S.C. § 3591[2] for each defendant.  (1 R. 33-35).  The indictment alleged one statutory aggravating factor for Jackson and two for Gulley.  (1 R. 34-35).  The statutory aggravating factor for Jackson alleged that he had previously been convicted of a federal or state offense punishable by a term of more than one year that involved the use or attempted or threatened use of a firearm against another person.  (1 R. 35); *see* 18 U.S.C. § 3592 (c)(2).

On January 4, 2006, the United States filed a Notice of Intent to Seek the Death Penalty against Jackson.  (1 R. 120-22).  The notice alleged the four statutory intent elements and two statutory aggravating factors.  (1 R. 120-21).  Both of the statutory

---

and page number.  The 1-volume transcript of the sentencing will be referred to by "S Tr." and page number.  References to the Public Docket in 1:09-CV-1039-RC will be referred to as "Docket" and followed by the document number.  Government exhibits will be referred to as "GX" and the exhibit number.  Defense exhibits will be referred to as "DX" and the exhibit number.

[2]  The indictment alleged that Jackson (1) intentionally killed the victim; (2) intentionally inflicted serious bodily injury that resulted in the death of the victim; (3) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a result of the act; and (3) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.  (1 R. 34-35); see 18 U.S.C. § 3591(a)(2)(A)-(D).

2

aggravating factors alleged were based on 18 U.S.C. § 3592 (c)(2), alleging that he had been previously convicted of a state and federal offense punishable by a term of more than one year that involved the use or attempted or threatened use of a firearm against another person.  (1 R. 121).  The notice identified two convictions: (1) a 1977 Michigan state conviction for two counts of Aggravated Robbery; and (2) a 2004 federal conviction for armed bank robbery.  (Docket, No. 96).  The notice also alleged two non-statutory aggravating factors.[3]  (1 R. 122).  On March 9, 2006, Jackson moved to sever his trial from Gulley's.  (1 R. 148-59).  The court [Crone, J.] granted the motion on April 6, 2006.[4] (1 R. 190).

The grand jury returned a two-count superseding indictment against Jackson on August 16, 2006, charging the same substantive offenses as the original indictment and alleging the same statutory intent elements and statutory aggravating factor.[5]  (2 R. 466-68).  Jackson pleaded not guilty to the superseding indictment on August 29, 2006.  (2 R. 497).

---

[3]  The two non-statutory aggravating factors were (1) future dangerousness of the defendant and (2) a significant history of disciplinary violations while incarcerated.  (1 R. 122).

[4]  Gulley was tried first and convicted of both counts.  The Fifth Circuit Court of Appeals affirmed his conviction and life sentence in a published opinion.  *United States v. Gulley*, 526 F.3d 809 (5th Cir. 2008).

[5]  Prior to trial, the government discovered that the 1977 Michigan aggravated robbery conviction did not involve a firearm; instead, Jackson displayed a fiberglass nightstick in such a manner that the victims perceived it as a shotgun.  Neither the indictment nor superseding indictment specified the crimes that would be offered in support of the 18 U.S.C. §  3592(c)(2) statutory aggravating factor, and the government only offered evidence about the 2004 federal armed bank robbery conviction.

Jury selection commenced on October 2, 2006.  The guilt/innocence phase of the trial began on October 23, 2006, and the jury returned guilty verdicts on both counts on October 30, 2006.  (1-6 T Tr. *passim*).  The punishment phase commenced on November 2, 2006, and ended on November 13, 2006, with a unanimous jury verdict that Jackson be sentenced to death for Count One.  (3 R. 819-37; 7-13 T Tr. *passim*).  The court sentenced Jackson to death on Count One immediately after the verdict.  (13 T Tr. 1940).  On December 15, 2006, the court sentenced Jackson to life imprisonment on Count Two.  (S Tr. 8).  On January 9, 2007, the court entered a judgment sentencing Jackson to death on Count One and to life imprisonment on Count Two.  (3 R. 875-78).

On December 28, 2006, Jackson filed a motion for new trial.  (3 R. 861-69).  The United States responded on January 19, 2007.  (3 R. 881-89).  The court subsequently denied the motion. (3 R. 892-905).

Jackson filed a direct appeal with the Fifth Circuit Court of Appeals.  Jackson's conviction and sentence were affirmed in a published opinion. *United States v. Jackson*, 549 F.3d 963 (5th Cir. 2008).  Jackson's petition for writ of certiorari was denied by the Supreme Court, *David Lee Jackson v. United States*, --- U.S. ---, 130 S.Ct. 51 (2009).

On October 5, 2010, Jackson filed his petition for collateral relief under 28 U.S.C. § 2255.  (Docket, Nos. 41-51).  The petition was assigned to this Court.  The Court intended to initially address Claim 2, which alleges that the defendant is mentally ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242 (U.S. 2002).  (Docket, No. 54).  On February 3, 2012, the Court issued an order continuing the

4

*Atkins* hearing and ordering the government to respond to Claim 1 on or before May 7, 2012. (Docket, No. 137). In Claim 1, Jackson contends that his death sentence violates the Federal Death Penalty Act, the rule of lenity, and the Fifth, Sixth and Eighth Amendments. The essence of the claim is that the sole statutory aggravating factor submitted to the jury was a 2004 bank robbery conviction that occurred after the underlying capital offense. Jackson also asserts that his trial and appellate counsel were ineffective for having failed to raise the purported unconstitutionality of seeking the death penalty Jackson by relying on a statutory aggravating factor that occurred after the capital homicide. (Docket, No. 41).

## II.  Response to Claim 1

**A.  The FDPA does not preclude the death penalty simply because a conviction used to prove the statutory aggravating factor under 18 U.S.C. § 3592 (c)(2) occurred after the capital offense.**

In order to impose a sentence of death under the FDPA, a jury is required to find at least one intent factor enumerated by Congress, *see* 18 U.S.C. § 3591(a)(2), and at least one statutory aggravating factor, *see* 18 U.S.C. § 3592(c). Once the jury finds the requisite intent and statutory aggravating factors, the crime is death-eligible. The jury must then determine the existence of any non-statutory aggravating factors submitted to it for consideration, provided the government has given the appropriate notice of its intent to submit such additional factors, *see* 18 U.S.C. § 3592(c), as well as any mitigating factors, *see* 18 U.S.C. § 3592(a), and "consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to

exist to justify a sentence of death," 18 U.S.C. § 3593(e).

In this case, the statutory aggravating factor alleged in the Notice of Intent To Seek the Death Penalty was based on 18 U.S.C. § 3592(c)(2), which provides:

> **(c) Aggravating factors for homicide.--**In determining whether a sentence of death is justified for an offense described in section 3591(a)(2), the jury, or if there is no jury, the court, shall consider each of the following aggravating factors for which notice has been given and determine which, if any, exist:
>
> . . .
>
> **(2) Previous conviction of violent felony involving firearm.--**For any offense, other than an offense for which a sentence of death is sought on the basis of section 924(c), the defendant has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person.

As noted above, the notice against Jackson contained the following statutory aggravating factors under § 3592(c)(2): (1) David Lee Jackson had been previously convicted of a State offense punishable by a term of imprisonment of more than one year involving the use or attempted use of a firearm, as defined in 18 U.S.C. § 921, against another person, namely, on or about March 22, 1977, David Lee Jackson was convicted in the Sixth Circuit Court, State of Michigan, of two counts of Aggravated Robbery; (2) David Lee Jackson had previously been convicted of a Federal offense punishable by a term of imprisonment of more than one year involving the use or attempted use of a firearm, as defined in 18 U.S.C. § 921, against another person, namely, on or about November 4, 2004, David Lee Jackson was convicted in the United States District Court

for the Southern District of Mississippi, of Armed Bank Robbery and Brandishing a Firearm during a Crime of Violence.

Because the government determined that the first statutory factor did not involve a firearm, only the second statutory aggravating factor was presented to the jury.  The jury unanimously found that the government had proved the alleged statutory aggravating factor beyond a reasonable doubt.  (Docket, No. 328).

In Claim 1, Jackson alleges that the statutory aggravating factor found in § 3592(c)(2) must be limited to prior convictions incurred before commission of the underlying offense of first degree murder.  Here, Jackson and Gulley murdered Daryl Brown at the Federal Corrections Complex in Beaumont, Texas, on December 16, 1999. Evidence presented at sentencing regarding the statutory aggravating factor showed that, on May 6, 2004, Jackson committed the offenses of armed bank robbery, brandishing a firearm during a crime of violence, and being a felon in possession of a firearm in Collinsville, Mississippi.  (7 R. 1150-1167).   The record further reflects that on November 4, 2004, Jackson pleaded to guilty to those charges in the Southern District of Mississippi, case number 4:04cr24LSu-001.  (7R. 1151-1155; GX # 37).

Jackson correctly notes that the question of whether an aggravating factor must occur prior to the capital offense is an issue of first impression in this circuit.  However, the question was addressed by the Fourth Circuit Court of Appeals in *United States v. Higgs,* 353 F.3d 281 (4th Cir. 2003).  *Higgs* involved the government's use of the defendant's conviction for a prior serious drug offense (§ 3592(c)(12)) that occurred after

the underlying capital offense.  In *Higgs,* the defendant made largely identical arguments to Jackson's derived from language and practice under the federal sentencing guidelines. *Higgs,* 353 F.3d at 319-20.  In a well-reasoned opinion, the court found these arguments of limited value, holding that "the § 3592(c)(12) aggravating factor encompasses *all* predicate convictions, even those occurring after the conduct giving rise to the capital charges." *Id.* at 320.  As discussed below, the court reasoned that the intent of Congress could be readily discerned from the statute and that "the entire section § 3592(c) speaks in terms of those things that must be considered when the death sentencing hearing is conducted and the petit jury begins its weighing process." *Id.*

The fact that both the violent felony involving a firearm offense and the resulting conviction occurred after the commission of the instant capital offense does not mean that the aggravating offense falls outside the application of the express terms of the statutory aggravating factor.  Rather, the statute provides that the previous conviction need only be prior to sentencing for the capital offense in order to be properly considered under 18 U.S.C. § 3592(c)(2).  *Higgs*, 353 F.3d at 320.  Congressional intent, in this respect, is clear for several reasons.

First, the well-settled federal court practice under the United States Sentencing Guidelines (U.S.S.G.) is that a "previous" sentence is a sentence for another offense that was imposed prior to sentencing for the instant offense, even if the other offense was committed after the instant offense. *See* U.S.S.G. § 4A1.2(a)(1) ("'prior sentence' means any sentence previously imposed"); U.S.S.G. § 4A1.2(a)(1) cmt. n.1 ("'Prior sentence'

means a sentence imposed prior to sentencing on the instant offense, other than a sentence that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.") (internal citations omitted); Wood, *Guideline Sentencing,* Sec. IV.A.2, Federal Judicial Center (2002)("Prior Sentence") ("Courts should count crimes that were committed after the instant offense but for which sentence was imposed before the sentence in the instant offense"). Had Congress intended that the previous conviction under § 3592(c)(2) be committed before the capital offense, contrary to this settled federal court practice, Congress could have stated such a requirement here as it had stated it elsewhere. *Cf.* 21 U.S.C. § 841(b)(1)(C) (stating "[i]f any person commits such a violation after a prior conviction . . ."); 18 U.S.C. § 922(g)(1) (stating "[i]t shall be unlawful for any person . . . who has been convicted . . . to [commit specified violations]"). The fact that Congress in 18 U.S.C. § 3592(c) did not expressly state that either the offense itself or the conviction had to occur before the death penalty offense shows that Congress did not intend such a requirement to be imposed. *See Higgs*, 353 F.3d at 320-21.

Jackson argues that courts have construed other recidivist statutes and guidelines provisions to opposite effect, citing U.S.S.G. § 2K2.1; U.S.S.G. § 4B1.1; and 18 U.S.C. § 924(e). This reliance is misplaced. U.S.S.G. § 2K2.1(a)(1) expressly provides for an increase in the base offense level if the defendant committed any part of the instant

9

offense after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 defines a "career offender" as one who has at lease two prior felony convictions of either a crime of violence or a controlled substance offense. And 18 U.S.C.§ 924(e) requires that previous convictions predate the underlying offense for a defendant to be classified as an "armed career offender." Notably, Jackson ignores U.S.S.G. § 4A1.2, which provides that, for determining a defendant's criminal history, prior conviction refers to the sentencing date.

A reading of the entire FDPA establishes that the phrase "has previously been convicted" refers to prior to sentencing to eliminate consideration of convictions which occur simultaneous with the capital conviction. *See* 18 U.S.C. § 3592(c). Congress and the Sentencing Commission speak clearly as to their intent on this issue. In the FDPA, the statutory aggravating factors are divided into two distinct categories: those concerning the circumstances of the offense and those relating to the characteristics of the defendant. *See* 18 U.S.C. § 3592(c). This is the same focus used by the sentencing guidelines, which includes all convictions when determining the criminal history category and only those convictions occurring prior to the commission of the instant offense for calculating the offense level. Such a reading also satisfies the Eight Amendment requirement that the statutory aggravating factors: (1) narrow the class of death eligible defendants, and (2) to determine if the sentence of death is appropriate for a particular defendant.

Given that Congress did not specifically state that either the conduct or the aggravating convictions had to occur prior to the charged conduct and considering the

10

statute's design to allow the jury to consider all relevant evidence about the circumstances of the crime and the defendant's background in assessing sentence, Congressional intent on this issue is clear. The evidence at trial showed that within months of his release from federal prison in 2004, Jackson committed two violent robberies using firearms.[6] This is exactly the type of evidence that Congress wished for the jury to have in making the critical sentencing decision. As in *Higgs*, the timing of the offense underlying the statutory aggravating factor did not render the factor infirm.

Jackson also cites *United States v. Pressley*, 359 F.3d 347 (4th Cir. 2004), in an effort to attack the Fourth Circuit's holding in *Higgs*, despite the fact the Fourth Circuit makes no mention of *Higgs* in it's *Pressley* opinion. These cases are distinguishable, as *Pressley* construed a non-capital sentencing statute, the Armed Career Criminal Act, while *Higgs* interpreted the FDPA in light of the general requirement that capital sentencing juries consider all relevant evidence pertaining to the defendant's character. *Higgs*, 353 F.3d at 318. In his own 2255 litigation, Higgs raised the Fourth Circuit's holding in *Pressley* in an identical manner as Jackson. In Higgs's 2255 litigation, the district court held that the Fourth Circuit holding in *Pressley* was arguably limited to the unique circumstances of the ACCA and that *Higgs* remained the controlling authority on the issue of an aggravating factor under the FDPA that occurred subsequent to the capital offense. *Higgs v. United States,* 711 F.Supp.2d 479, 533-34 (D.Md. 2010).

---

[6] In addition to the 2004 bank robbery, Jackson committed armed robbery of a Holiday Inn in Findlay, Ohio, on April 30, 2004, which was detailed extensively at trial. (7 R. 1221-82).

In sum, Jackson's argument that imposition of a death sentence based solely on a after-occurring offense serves as a judicial, ex post facto expansion of the FDPA fails under the analysis and holding made by the Fourth Circuit in *Higgs*.  The Federal Death Penalty Act does not violate the Ex Post Facto Clause simply because it permits the prosecution to define aggravating factors after the crime is committed.  Although aggravating factors make punishment for the crime more burdensome, non-statutory aggravating factors and mitigating factors are weighed by the jury to make an individualized determination of whether to impose the death sentence upon a defendant who has already been found eligible.  The aggravating factors do not increase the possible punishment or alter the elements of the offense.  *Higgs*, 353 F.3d at 290.

**B.  Jackson's rights were not violated by pre-indictment delay.**

Jackson claims that his rights were violated in a number of ways by the delay that passed between commission of the crime and his indictment for the murder of Daryl Brown.  This issue was raised by both Jackson and co-defendant Gulley in their direct appeals.  The Fifth Circuit held that neither defendant was prejudiced by the prosecutorial delay and that the district court did not err in denying an evidentiary hearing to determine if their due process rights were violated.  *United States v. Jackson*, 549 F.3d 963,974-75 (5th Cir. 2008); *United States v. Gulley,* 526 F.3d 809, 819-20 (5th Cir. 2008).

**C.  The Double Jeopardy Clause was not violated in this case.**

Jackson further contends that use of the prior bank robbery conviction violates the Double Jeopardy Clause.  He cites *Witte v. United States*, 515 U.S. 389, 403-04 (1995),

and *Williams v. Oklahoma*, 358 U.S. 576, 586 (1959), for the proposition that the Supreme Court has "consistently" recognized that enhancement of punishment above the authorized statutory limits via a "previous" offense violates the Double Jeopardy Clause where no recidivism exists.  (Petition, pp. 25-26).  These cases, however, do not interpret the FDPA, which has a unique structure.  In *Witte,* the defendant moved to dismiss an indictment charging him with conspiracy and attempt to import cocaine.  The district court dismissed the indictment based on double jeopardy violations.  The government appealed, and the Fifth Circuit reversed and remanded.  *United States v. Witte,* 25 F.3d 250 (5th Cir. 1994).  Certiorari was granted, and the Supreme Court affirmed, holding that consideration of uncharged cocaine importation in order to impose a higher sentence on marijuana charges within the statutorily authorized range did not impose "punishment" for cocaine conduct for double jeopardy purposes and, thus, did not bar subsequent prosecution on cocaine charges.  *Witte,* 515 U.S. at 399.

Similarly, in *Williams v. Oklahoma,* the defendant was convicted of kidnaping, and the conviction was affirmed by the Court of Criminal Appeals for the State of Oklahoma. Certiorari was granted, and the Supreme Court affirmed, holding that the sentencing judge's consideration of defendant's murder of the victim as an aggravating circumstance in determining the proper sentence to be imposed for kidnaping could not be said to have resulted in punishing the defendant a second time for the same offense, notwithstanding his prior conviction for murder, because kidnaping was a crime separate and distinct from that of murder.  *Williams,* 358 U.S. at 584-85.  Jackson's related argument that these

cases hold this to be a violation where no recidivism exists ignores the definition of "recidivist": "A habitual criminal; a criminal repeater. An incorrigible criminal. One who makes a trade of crime." *Black's Law Dictionary, Fifth Ed.*. But for his recidivism, Jackson would not find himself in his current situation, and neither *United States v. Witte* nor *Williams v. Oklahoma* stands to the position asserted.

**D. Neither Jackson's trial counsel nor his appellate counsel were ineffective for failing to challenge the statutory aggravating factor.**

A prisoner seeking relief under 28 U.S.C. § 2255 is restricted to a narrow range of grounds. The cognizable claims enumerated in the statute are (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a miscarriage of justice. *United States v. Vaughan*, 955 F.2d 367, 368 (5th Cir. 1992).

Jackson alleges that he received ineffective assistance of counsel because his counsel failed to raise the purported unconstitutionality of the statutory aggravating factor based on an offense that occurred after the capital offense. This claim is without merit.

A convicted defendant's claim that counsel's assistance was so defective as to

require reversal of a conviction requires that the defendant show the following: (1) that the performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id.* at 688. When a convicted defendant complains of ineffective of assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of counsel's assistance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. *Id.* at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 690. The proper standard for the showing of prejudice requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceedings would have been different. *Id.* at 694.

In addition, conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The defendant's allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). A counsel cannot be held to be ineffective for failing to press a frivolous point. *Sones v. Hatchett*, 61 F.3d 410, 415 (5th Cir. 1995).

In this case, Jackson's Claim 1 fails because the district court administered the FDPA properly.  As noted above, the only court of appeals to address this issue concluded that the 18 U.S.C. § 3592(c) statutory aggravating factors encompass *all* predicate convictions occurring prior to sentencing, even those occurring after the conduct giving rise to the capital charges.  *Higgs,* 353 F.3d at 320.  This was the law in that circuit before Jackson's 2006 trial and remains the law today.  Given the legal precedent in effect at the time of Jackson's trial, his counsel was not ineffective in failing to object where no constitutional infirmity existed.  As such, Jackson cannot satisfy the first test under *Strickland,* and he cannot demonstrate that the performance of his counsel was deficient.

## VI.  Conclusion

For the reasons stated above, the United States respectfully moves this Court, as to Claim 1, to deny the motion for collateral relief pursuant to 28 U.S.C. § 2255.  Jackson has failed to prove that the district court improperly applied the Federal Death Penalty Act or ineffective assistance of counsel.  Therefore, Claim 1 should be denied.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

/s/ Robert L. Hobbs
ROBERT L. HOBBS
Assistant United States Attorney
Texas Bar No. 00796764
350 Magnolia Ave., Suite 150
Beaumont, TX  77701
(409) 839-2538
(409) 839-2550 (fax)
robert.hobbs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was delivered by electronic delivery to counsel of record, Christopher Craig, on May 7, 2012.

/s/ Robert L. Hobbs
ROBERT L. HOBBS
ASSISTANT U.S. ATTORNEY