UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON,<br>      *Petitioner,* | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA,<br>      *Respondent.* | ) | |
| | ) | |

---

**Petitioner David Lee Jackson's *Unopposed* Motion for Leave to Reply to the
Government's Response in Opposition to Claim 1**

---

The Government's opposition brief on Claim 1, and the decision on which it

mainly relies, *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), are both off-point.

Petitioner David Lee Jackson's proposed reply brief, filed with this motion, will help

clarify the relevant issues.

As discussed in more detail in the attached reply brief, the Fourth Circuit's

decision in *Higgs* is inconsistent with the canons of statutory construction and other

circuit court decisions applying the phrase "previous conviction" in federal sentence-

enhancement statutes.  The *Higgs* court faced a relatively simple question:  can a capital

jury **weigh** a defendant's other crimes under 18 U.S.C. § 3592, even if those crimes

occurred after commission of the capital offense.  Here, however, the Court must

1

determine whether Mr. Jackson is *eligible* for the death sentence solely because he used a gun to rob a bank more than four years after committing a murder that was not itself death-eligible and after the Department of Justice had deemed Mr. Jackson worthy of release.  Neither *Higgs*, nor any other court in a reported decision, has decided whether a "previous conviction" aggravator can determine eligibility for the death sentence where the "previous" conviction occurs after the underlying offense, and the Government does not dispute that Mr. Jackson is the only person ever prosecuted under the Federal Death Penalty Act in such circumstances.  Moreover, interpreting Section 3592 as the Government suggests also would violate the Supreme Court's requirement in *Zant v. Stephens*, 462 U.S. 862, 877 (1983), that "an aggravating circumstance must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder."

In light of this Court's February 3, 2012 Order that "[n]o reply briefing will be entertained, absent leave of court" (Doc. No. 137), Mr. Jackson hereby moves for leave to reply to the Government's opposition.[1]  A reply is countenanced by the Rules Governing Section 2255 Proceedings; Rule 5 states:  "The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  A reply in this instance would serve the interests of justice and judicial economy by

---

[1]    Barring further direction from the Court or action by the Government, Mr. Jackson does not intend to file any other papers in connection with Claim 1, such as discovery requests or fee motions.

clarifying the issues for the Court's consideration on Claim 1.[2]

WHEREFORE, Mr. Jackson respectfully moves this Court to grant leave to reply to the Government's Opposition to Claim 1, and to direct the Clerk to docket the reply attached hereto.

Dated:  May 22, 2012.

Respectfully Submitted,

CHRIS A. HOLLINGER (Cal Bar # 147637)
chollinger@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Phone: 415.984.8906
Fax: 415.984.8701

CHRISTOPHER B. CRAIG (Cal Bar #
257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Phone: 213.430.6029
Fax: 213.430.6407

  */s/ Chris A. Hollinger*
JAMES C. LOHMAN
(Fl Bar #0570214)
jimmylohman@gmail.com
1806 East 39th Street
Austin, TX 78722
Phone/Fax: 512.542.9947

Attorneys for Petitioner
DAVID LEE JACKSON

---

[2]    Mr. Jackson also respectfully requests leave to file a reply in excess of 10 pages, to the extent Local Rule 7(a)(1) is construed to apply to this briefing.  The Constitutional dimensions of this claim, as well as the penalty facing Mr. Jackson, favor leniency in applying this local rule.

3

## CERTIFICATE OF CONFERENCE

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to e-mail correspondence between Christopher B. Craig, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Robert Hobbs on May 8, 2012.  In that correspondence, Mr. Hobbs stated that the Government does not oppose Mr. Jackson filing a reply.

        /s/ *Christopher B. Craig*
        Christopher B. Craig

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing "Petitioner

David Lee Jackson's *Unopposed* Motion To Continue *Atkins* Hearing" upon counsel for

Respondent by sending same via CM/ECF:

Joseph Robert Batte
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 839-2538
Fax: (409) 839-2550
Email: joe.batte@usdoj.gov

Robert Lavelle Hobbs
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 981-7912
Fax: (409) 839-2550
Email: robert.hobbs@usdoj.gov

Alan Reeve Jackson
U S Attorney's Office - Tyler
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: alan.jackson@usdoj.gov

Traci Lynne Kenner
U S Attorney's Office - Beaumont
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: traci.kenner@usdoj.gov

John Malcolm Bales
U S Attorney's Office - Lufkin
451 S. First St., Suite 201
Lufkin, TX 75901
(936) 639-4003
Fax: (936) 639-4033
Email: malcolm.bales@usdoj.gov

this 22nd day of May, 2012.

                        */s/ Christopher B. Craig*

5