UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**UNOPPOSED MOTION TO SEAL DAVID LEE JACKSON'S SUPPLEMENT TO PETITION FOR COLLATERAL RELIEF; MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL**

---

### I.    MOTION

DAVID LEE JACKSON, by and through his undersigned counsel, respectfully

moves the Court, pursuant to Local Rule CV-5(a)(7), to enter an Order directing the

District Clerk to file David Lee Jackson's supplement to his Petition for Collateral Relief

filed pursuant to 28 U.S.C. § 2255 ("Supplemental Petition"), under seal.  The Parties

have met and conferred regarding this Motion, and the Government has no objections to

the motion at this time.

### II.    MEMORANDUM OF LAW

On June 19, 2012, David Lee Jackson will file his Supplemental Petition, in which

he will ask the Court to grant him a new trial, to vacate the judgment entered against him,

1

and/or to vacate, set aside or correct the sentence imposed upon him.  In support of this Supplemental Petition, Mr. Jackson will file numerous exhibits.  A number of the exhibits lodged with Mr. Jackson's Supplemental Petition, and portions of the Supplemental Petition referencing those documents, discuss information that is required by law to be sealed from public access.  Specifically, federal law requires medical records filed in support of Mr. Jackson's Supplemental Petition to be filed under seal.

Exhibits to Mr. Jackson's Supplemental Petition will include medical information and records of Mr. Jackson.  Specifically, Bureau of Prisons ("BOP") records include Exhibit Nos. 97, 105 (Excerpts of BOP Chronological Record of Care), No. 98 (BOP Medical Authorization ), Nos. 100, 108 (BOP Chronic Care Clinic notes ), Nos. 101, 103 (Medical Summary for Prisoner in Transit forms), No. 102 (BOP Clinical Encounter notes ), No. 104 (BOP psychiatric consult), No. 106 (BOP Intake Screening form), Nos. 107, 111 (BOP Medication Administration Records), Nos. 109-110 (BOP Medication Sheet), No. 112 (BOP Medication Profile), No. 113 (BOP Patient Problem List), No. 114 (BOP Consultation sheet), and No. 114 (BOP Psychology Data System Evaluation). These records will all be lodged in support of Mr. Jackson's Supplemental Petition.  At the same time, several declarations, including Exhibit No. 91 (Declaration of Robert Morrow with attachments), and No. 92 (Declaration of Oney D. Fitzpatrick with attachments), discuss sensitive medical information regarding Mr. Jackson and attach additional BOP medical records.

Information contained in these documents is considered private and confidential under federal law, including, the Health Insurance Portability And Accountability Act

2

("HIPAA"), which protects the privacy of medical records.  Under HIPAA, "the filing of a lawsuit does not waive the disclosure of confidential health information."  *Palazzolo v. Mann*, No. CV-09-10043, 2009 U.S. Dist. LEXIS 22348 at *4 (E.D. Mich. Mar. 19, 2009).  Thus, in order to protect Mr. Jackson from breaches of his privacy, the records must be maintained under seal.

The Supreme Court has recognized that one type of privacy interest protected by the constitutional right to substantive due process is "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599 (1977).  Indeed, many Circuit Courts, including the Fifth Circuit, have explained that "the [Supreme] Court assumed that protection of the autonomy right could extend to decisions concerning medical care."  *Plante v. Gonzales*, 575 F.2d 1119, 1131 (1978) (internal citations omitted);  see also *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) ( "[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information."); *Barry v. City of New York*, 712 F.2d 1554, 1558 (1983) ("The cases sometimes characterized as protecting "privacy" have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters. . .") (internal citations omitted).

There is no necessity to make public the details of Mr. Jackson's medical records. Both the Court and the Government—the only entities with a compelling right of access to such information—will have access to this information.  As such, there is no legitimate reason for this Court to permit the violation of the privacy interests of Mr. Jackson by the public disclosure of these records.  These medical records, and the corresponding

declarations and portions of the Supplemental Petition discussing this sensitive and confidential information, should be sealed.  Per the June 9, 2009 memorandum regarding Electronically Filing Sealed Documents from U.S. District Clerk David Maland of this Court, "[i]f a non-sealed filing contains an exhibit that must be sealed, the entire documentary submission must be filed under seal, including the exhibits."[1]  Further, as Mr. Jackson's medical records are inextricably intertwined with the claims raised in the Supplemental Petition, avoiding the disclosure of confidential health information merits sealing the entire Supplemental Petition from public view.

//

//

//

//

//

//

//

//

//

//

//

//

//

[1] Available at: http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=2371

4

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Jackson respectfully requests that this Court enter the attached proposed Order directing the District Clerk to seal Mr. Jackson's Supplemental Petition.

Dated:  June 19, 2012.                          Respectfully Submitted,


*/s/ Christopher B. Craig*

CHRIS A. HOLLINGER (Cal Bar # 147637)        JAMES C. LOHMAN
chollinger@omm.com                           (Fl Bar #0570214)
O'MELVENY & MYERS LLP                         jimmylohman@gmail.com
Two Embarcadero Center, 28th Floor           1806 East 39th Street
San Francisco, CA 94111                       Austin, TX 78722
Phone: 415.984.8906                          Phone/Fax: 512.542.9947
Fax: 415.984.8701

                                             Attorneys for Petitioner
CHRISTOPHER B. CRAIG (Cal Bar #             DAVID LEE JACKSON
257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Phone: 213.430.6029
Fax: 213.430.6407

5

## CERTIFICATE OF CONFERENCE

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to conversations between Christopher B. Craig, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Robert Hobbs on June 19, 2012.  Mr. Hobbs stated that the Government does not oppose Mr. Jackson's motion to seal.

/s/ *Christopher B. Craig*
Christopher B. Craig

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing "Petitioner David Lee Jackson's *Unopposed* Motion to Seal David Lee Jackson's Supplement to Petition for Collateral Relief" upon counsel for Respondent by sending same via CM/ECF:

Joseph Robert Batte
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 839-2538
Fax: (409) 839-2550
Email: joe.batte@usdoj.gov

Robert Lavelle Hobbs
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 981-7912
Fax: (409) 839-2550
Email: robert.hobbs@usdoj.gov

Alan Reeve Jackson
U S Attorney's Office - Tyler
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: alan.jackson@usdoj.gov

Traci Lynne Kenner
U S Attorney's Office - Beaumont
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: traci.kenner@usdoj.gov

John Malcolm Bales
U S Attorney's Office - Lufkin
451 S. First St., Suite 201
Lufkin, TX 75901
(936) 639-4003
Fax: (936) 639-4033
Email: malcolm.bales@usdoj.gov

this 19th day of June, 2012.

                    */s/ Christopher B. Craig*

7