IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | § | |
| | § | |
| Petitioner, | § | Civil Action No. 1:09-CV-1039 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner David Lee Jackson filed his petition for collateral relief in October 2010. Nearly two years later, he has filed a supplement to his petition, asserting newly discovered evidence generally relating to mental health evidence that was not disclosed to Mr. Jackson's trial counsel and his competency to stand trial. Mr. Jackson does not ask for consideration of the supplement. The court renders no opinion as to whether Mr. Jackson's supplementation was timely, or should be considered at all.[1] As with all claims other than Claims 1 and 2 of the original petition, the court will stay briefing on this supplemental petition until Claims 1 and 2 have been decided. *See, e.g.*, Docs. # 60, 137.

---

[1]A new claim may not be time-bared if it relates back to the original 28 U.S.C. § 2255 pleading, using the standard articulated in Fed. R. Civ. P. 15(c)(1)(B). *United States v. Gonzales*, 592 F.3d 675, 679 (5th Cir. 2009). However, claims raised in an amendment to a habeas petition do not automatically relate back simply by virtue of arising out of the same trial and conviction. *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 650, 125 S. Ct. 2562 (2005)). Further, the one year statute of limitations on a Section 2255 petition runs from the latest of several events set out in the statute, which includes "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The court assumes that Mr. Jackson's counsel believes there is a good faith basis for supplementing at this late date, either based on relation-back or newly discovered evidence, and will address the issue if necessary in the future.

Mr. Jackson does, however, request leave to file the supplement to the petition and attachments under seal. The motion is unopposed. Mr. Jackson cites the fact that the petition and exhibits contain his confidential medical information, which should be sealed in light of HIPPA. The court is of the opinion that the motion should be granted.

IT IS THEREFORE ORDERED that Petitioner David Lee Jackson's Unopposed Motion to Seal [Doc. # 143] is GRANTED. Docs. # 144 (supplement to petition) and 145 (exhibits to supplement) shall be sealed.

So **ORDERED** and **SIGNED** this **29** day of **June, 2012.**

_____
Ron Clark, United States District Judge