UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CV-01039-RC |
| | ) | (Judge Clark) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent.* | ) | |

---

**MOTION TO APPOINT ASSISTANT FEDERAL DEFENDER MORRIS MOON AS ADDITIONAL COUNSEL FOR PETITIONER DAVID LEE JACKSON PURSUANT TO 18 U.S.C. § 3599**

---

Mr. Jackson respectfully asks the Court to appoint Morris Moon, an Assistant Federal Defender with the Federal Capital Habeas Project who is located in Houston, Texas, as additional counsel for Mr. Jackson pursuant to 18 U.S.C. § 3599.  Undersigned counsel respect the Court's decision of July 23, 2012 and do not seek to renew their previous request.  Instead, *pro bono* counsel seek assistance in presenting their client's mental retardation case in a manner they believe will provide experienced assistance on difficult technical issues in which they lack expertise, will come at no cost to the Court, and will cause no delay in the case.

1

Although the Court's July 23, 2012 Memorandum Order Denying Motion for Substitution of Counsel (Doc. No. 149) (the "Substitution Order") considered the possibility of Mr. Moon's involvement in this case, the only basis set forth in the Substitution Order for not permitting Mr. Moon to represent Mr. Jackson – as opposed to not permitting Mr. Lohman to withdraw from representing Mr. Jackson – is the observation that "Mr. Moon would require time to prepare for the *Atkins* hearing, necessarily imposing more costs on the system." (Doc. No. 149 at 4.) This observation appears to reflect a concern that the addition of Mr. Moon could have delayed the *Atkins* hearing. Admittedly, at the time of issuance of the Substitution Order on July 23, 2012, the parties had tentatively reserved space on the Court's calendar during the week of September 17 in the event that Mr. Jackson's mental retardation expert, Dr. Swanson, had sufficiently recovered from her cancer treatments to prepare for the *Atkins* hearing and give testimony. Since that time, however, and as reported to the Court on July 31, it has become clear that Dr. Swanson is no longer able to work on this case and that Mr. Jackson must identify and retain an alternate expert (a process that is underway). Accordingly, as the Court acknowledged at the July 24 status conference, given the Court's calendar and especially the time needed to select a new *Atkins* expert and for that expert to draft a report and prepare for the hearing, Mr. Jackson's *Atkins* hearing realistically will not occur until December 2012 or January 2013, at the earliest.

Because of the revised schedule, Mr. Moon, who has served as counsel in *Atkins* cases in both federal district courts in Texas and the Fifth Circuit, would have sufficient time to prepare for the *Atkins* hearing between now and December/January. In other

2

words, in light of the delay necessitated by the need to obtain a new expert witness,

Mr. Moon's addition as counsel for Mr. Jackson will have no impact on the timing of the

*Atkins* hearing in this case.

### I.   Mr. Moon Is Qualified For Appointment As Additional § 2255 Counsel In Accordance With 18 U.S.C. § 3599.

The Federal statute governing appointment of counsel in death penalty cases

provides that a defendant, who is financially unable to afford counsel, "shall be entitled to

the appointment of *one or more* attorneys…." 18 U.S.C. § 3599(a) (emphasis added).

The Guidelines for Administering the CJA and Related Statutes, *Guide to Judiciary*

*Policy*, Vol. 7A ("CJA Guidelines") specifically recommend, in habeas corpus

proceedings, that "[d]ue to the complex, demanding, and protracted nature of death

penalty proceedings, judicial officers should consider appointing at least two attorneys."

CJA Guidelines at § 620.10.20.

Providing for a second appointed attorney for Mr. Jackson would be consistent

with the statute as well as the practice in other capital § 2255 cases in Texas and around

the country.  As stated in Mr. Jackson's December 22, 2011 *Ex Parte* Motion for *Atkins*

Funding (Doc. No. 133), upon information and belief, in every federal capital case in

Texas that has reached § 2255 proceedings, the district court has appointed two CJA

counsel to represent the condemned prisoner.  *See, e.g., Agofsky v.United States*,

No. 1:07-CV-00511-TH (E.D. Tex.); *Bourgeois v. United States,* No. C-02-216 (S.D.

Tex.) (two CJA counsel appointed, later replaced with Federal Defender for Eastern

District of Pennsylvania); *Bernard v. United States*, Criminal No. W-99-CR-70(2) (W.D.

Tex.); *Vialva v. United States*, Criminal No. W-99-CR-70(1) (W.D. Tex.); *Hall v. United States*, Civil Action No. 4-00-CV-422-Y (N.D. Tex.); *Webster v. United States*, Civil Action No. 4:00-CV-1646-Y (N.D. Tex.); And numerous § 2255 cases have had three appointed counsel.  *See, e.g., United States v. Allen*, Case No. 4:07-cv-27-ERW (E.D. Mo.); *United States v. Nelson*, Case No. 4:04-cv-8005-FJG (W.D. Mo.); *United States v. Sinisterra*, Case No. 04-cv-8003-W-GAF (W.D. Mo.) (appointment of third counsel made by Eighth Circuit and continued in district court on remand); *United States v. Sampson*, Case No. 01-10384 MLW (D. Mass.); *United States v. Rodriguez*, Case 2:04-cr-00055-RRE-1 (D. N.D.); *United States v. Barnette*, Case No. 3:12-cv-00327 (W.D.N.C.); *United States v. Fell*, No. 2:01-CR-12-01 (D. Vt.) (two appointed counsel with assistance of *pro bono* firm); *United States v. Lee*, Case No. 4:97-cr-00243-GTE (E.D. Ark.) (appointment of third counsel made by Eighth Circuit); *United States v. Ortiz*, Case No. 04-8001-cv-W-GAF (W.D. Mo.) (appointment of third counsel for appeal).

As the Court is aware, David Jackson is facing his first and only opportunity to develop facts in support of his claims that his conviction, and, in particular, his death sentence, were obtained in a manner contrary to the requirements of the Constitution. Unlike federal habeas challenges to state convictions—where the petitioner has usually first been allowed an opportunity to develop the facts in state court—the federal district court is the only forum in which Mr. Jackson may present evidence and witnesses in support of his claims of error.  Thus, as Mr. Jackson prepares for a hearing before this Court, he must develop and present a complete record in support of his allegations, and, because it is his burden to prove those allegations, his counsel must collect, organize, and

4

proffer all available evidence.  Pro bono counsel will continue to work diligently to assist Mr. Jackson, but without any in-house expertise in *Atkins* litigation, they need more help than Mr. Lohman can provide.

As discussed in Mr. Jackson's Motion for Substitution of Counsel, Mr. Moon is an Assistant Federal Defender with the Federal Capital Habeas Project, a project hosted by the Office of the Federal Public Defender for the District of Maryland.  The Federal Capital Habeas Project, which is national in scope, has its main office in Greenbelt, Maryland.  Although some of its staff members, including Mr. Moon, are located outside Maryland, they are all considered employees of the Federal Public Defender for the District of Maryland.  If the Court were to grant this appointment request, Mr. Moon would be the Assistant Federal Defender designated to this case from the Federal Capital Habeas Project.

Mr. Moon is located in Houston, Texas, and is a member in good standing of the Texas and Florida State Bars.[1]  He has been admitted to practice in the Eastern, Western, Southern, and Northern Districts of Texas, the Western District of Missouri, the Fifth Circuit, and the United States Supreme Court.  Mr. Moon has extensive knowledge of substantive criminal and habeas corpus law; experience in investigating, preparing, and litigating capital post-conviction cases; and expertise in capital § 2255 litigation.

Mr. Moon has represented numerous death-sentenced prisoners in Texas state courts and has been qualified and appointed as CJA counsel to represent inmates in

---

[1] Mr. Moon's qualifications were set out in the earlier motion but are repeated here for the Court's convenience.

capital 28 U.S.C. § 2254 proceedings in the Eastern District of Texas, the Southern District of Texas, and the Western District of Texas.  Mr. Moon has also represented death-sentenced inmates in the Fifth Circuit, including in the cases of *In re Hearn*, 376 F.3d 447 (5th Cir. 2004), *In re Mathis,* 483 F.3d 395 (5th Cir. 2007), *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), and *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009).

If appointed, Mr. Moon, as a member of the Federal Capital Habeas Project, would not require any payment or reimbursements from this Court and all expenses, including attorney compensation, travel expenses, and any auxiliary fees, would come out of the Maryland federal defender budget.  This appointment would not only ensure that the case will be handled efficiently and without wasting resources, but it would relieve this Court of the administrative burden of managing budgets and funding this litigation.

II.    **Appointment Of Mr. Moon Is Necessary To Mr. Jackson's Representation At The *Atkins* Hearing.**

Mr. Moon's assistance is necessary to Mr. Jackson's preparation for the *Atkins* hearing even though, pursuant to the Substitution Order, Mr. Lohman remains as defense counsel.  The Court has authorized a total of 44 hours for Mr. Lohman in connection with *Atkins*-related preparation (20 hours) and hearing attendance (24 hours), and, consistent with this Court's Substitution Order, Mr. Lohman will work those 44 hours diligently and efficiently and consistent with his professional responsibilities to his client, the Court,

6

and the judicial system as a whole.[2]  However, the undersigned counsel, specifically including pro bono counsel, again respectfully submit that 20 hours (i.e., the time allotted for Mr. Lohman to prepare for the *Atkins* hearing) is not enough time for any lead trial counsel to adequately prepare for such a hearing.  Even if pro bono counsel takes the "laboring oar" in reviewing the documents produced by the Government in connection with Dr. Seward's expert report, preparing Mr. Jackson's *Atkins* witnesses (including a new expert witness), interviewing the Government's *Atkins* witnesses, and preparing direct and cross-examination outlines for all of the fact and expert witnesses at the hearing, the lead trial counsel (be it Mr. Lohman or someone else) – who is currently the only defense counsel with death penalty and *Atkins* experience – necessarily must have significant involvement in these critical aspects of the *Atkins* hearing.  As stated in Mr. Jackson's December 22, 2011 *Ex Parte* Motion for *Atkins* Funding (Doc. No. 133), *pro bono* counsel respectfully submits that there are many more tasks to be performed by lead trial counsel in preparation for the *Atkins* hearing than can be accomplished in the allotted 20 hours.  (*See also* Doc. No. 133, Exs. B, C and D.)

Instead of engaging in further motion practice regarding funding issues, Mr. Jackson respectfully submits that the addition of Mr. Moon – whose work on this case would not result in any incremental expenditure of public funds because he is a salaried federal employee – would allow Mr. Jackson a level of attorney resources with

---

[2]    Respectfully, Mr. Jackson's counsel submits that Mr. Lohman's work on this case has been substantial, both in preparing the habeas corpus petition and subsequently.  Mr. Jackson's counsel has no wish to rehash these issues here, but notes the contributions of Mr. Lohman detailed in prior funding motions (*see, e.g.*, Doc. Nos. 86 & 133), as well as counsel's February 9, 2011 and February 17, 2012 letters to the Court.

*Atkins* and death penalty experience that is regarded as sufficient by his current counsel while at the same time accommodating the Court's previously-stated concerns regarding its stewardship of the public funds.  Moreover, Mr. Moon's office could also shoulder the funding of expert and other auxiliary services, thus relieving the Court of the need to pay for an *Atkins* expert to replace Dr. Swanson, and, indeed, of the need to address any further funding motions, for counsel, experts, or otherwise.

### III.    Conclusion

Accordingly, Mr. Jackson respectfully requests that the Court provide a second appointed lawyer for Mr. Jackson, Morris Moon of the Federal Public Defender for the District of Maryland.


Dated:  September 13, 2012.                          Respectfully Submitted,


     */s/ Chris A. Hollinger*
CHRIS A. HOLLINGER (Cal Bar # 147637)        JAMES C. LOHMAN
chollinger@omm.com                           (Fl Bar #0570214)
O'MELVENY & MYERS LLP                         jimmylohman@gmail.com
Two Embarcadero Center, 28th Floor           1806 East 39th Street
San Francisco, CA 94111                       Austin, TX 78722
Phone: 415.984.8906                           Phone/Fax: 512.542.9947
Fax: 415.984.8701

                                             Attorneys for Petitioner
CHRISTOPHER B. CRAIG (Cal Bar #              DAVID LEE JACKSON
257108)
christophercraig@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Phone: 213.430.6029
Fax: 213.430.6407

8

**CERTIFICATE OF CONFERENCE**

This motion is filed in accordance with the "meet and confer" requirement of L.R. CV-7(h), pursuant to a conversation between Christopher B. Craig, undersigned counsel for Mr. Jackson, and Assistant United States Attorney Robert Hobbs on September 11, 2012.  The Government stated that it does not oppose this motion.


          /s/ *Christopher B. Craig*
                Christopher B. Craig

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing "Motion for

Reconsideration Re: Motion for Substitution of Counsel" upon counsel for Respondent

by sending the same via CM/ECF:


Joseph Robert Batte
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 839-2538
Fax: (409) 839-2550
Email: joe.batte@usdoj.gov

Robert Lavelle Hobbs
U S Attorney's Office - Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701
(409) 981-7912
Fax: (409) 839-2550
Email: robert.hobbs@usdoj.gov

Alan Reeve Jackson
U S Attorney's Office - Tyler
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: alan.jackson@usdoj.gov

Traci Lynne Kenner
U S Attorney's Office - Beaumont
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1439
Email: traci.kenner@usdoj.gov

John Malcolm Bales
U S Attorney's Office - Lufkin
451 S. First St., Suite 201
Lufkin, TX 75901
(936) 639-4003
Fax: (936) 639-4033
Email: malcolm.bales@usdoj.gov


this 13th day of September, 2012.


_____ /s/ Christopher B. Craig _____