IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | § | |
| | § | |
| *Petitioner,* | § | Civil Action No. 1:09-CV-1039 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent.* | § | |

## ORDER RECONSIDERING PRIOR ORDER AND GRANTING MOTION FOR SUBSTITUTION OF COUNSEL

Petitioner David Lee Jackson was convicted of murder and the use of a dangerous weapon to commit murder, in violation of federal law, and sentenced to death. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit, and the Supreme Court denied Mr. Jackson's petition for writ of certiorari. *Pro bono* counsel from O'Melveny & Myers first appeared on his behalf on October 1, 2009. On the motion of trial counsel, the court also appointed James Lohman as habeas co-counsel on October 13, 2009.

Mr. Lohman previously sought to withdraw as counsel, in favor of Morris H. Moon of the Federal Capital Habeas Project. The court denied the motion at that time, primarily on the grounds that Mr. Lohman was familiar with the case, while Mr. Moon was not, and Mr. Lohman had taken the lead on the *Atkins* claim since the beginning. Doc. # 149.

Since the court entered that Order, several things have happened. First, Mr. Moon has appeared as counsel in this case. Doc. # 155. Second, the court held a telephone conference with Mr. Moon, at which Mr. Moon announced that he is up to speed on this case and prepared to proceed.

1

Finally, a new expert on the *Atkins* issue has been designated by Mr. Jackson's counsel, due to the failing health of his previous expert, Dr. Victoria Swanson.

Based on these developments, the court *sua sponte* reconsiders its prior Order and now GRANTS Mr. Lohman's request to withdraw as counsel [Doc. # 148]. Given Mr. Moon's profession that he is prepared to proceed and the fact that a new expert has been designated, the court puts far less weight on Mr. Lohman's experience with this case. Allowing Mr. Lohman to withdraw would also save taxpayer money, insofar as the funds previously earmarked for Mr. Lohman's participation in the *Atkins* hearing would not have to be expended.

IT IS THEREFORE ORDERED that James Lohman is permitted to withdraw as counsel for Petitioner David Lee Jackson. This does not relieve Mr. Lohman of any obligations, financial or otherwise, incurred in the course of this case.

So **ORDERED** and **SIGNED** this **13** day of **November, 2012.**

_____

Ron Clark, United States District Judge

2