IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON | § | NO. 1:09-CV-1039 |
| | § | (Judge Ron Clark) |
| v. | § | |
| | § | Criminal No.1:06-CR-51 |
| UNITED STATES OF AMERICA | § | (Judge Marcia Crone) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S SUPPLEMENT TO
PETITION FOR COLLATERAL RELIEF**

In the supplement to his petition for collateral relief, David Lee Jackson contends

that the government failed to adequately discharge its obligations under *Brady v.*

*Maryland*, 373 U.S. 83 (1963).  Specifically, Jackson alleges that in August 2005, a

Bureau of Prisons (BOP) psychiatrist diagnosed Jackson as suffering from paranoid

schizophrenia and that in the weeks before trial,  BOP changed Jackson's psychotropic

medication.  Jackson contends that the government failed to provide trial counsel with

this evidence.

**I.** Procedural History

On April 20, 2005, a United States Grand Jury for the Eastern District of Texas

returned a two-count indictment against Jackson and Arzell Gulley.  (1 R. 32-35).[1]  Count

---

[1] The record on appeal consists of three volumes of pleadings and 26 transcripts.  The pleadings volumes will be referred to by volume number, followed by "R" and the page number. The 13-volume transcript of the trial will be referred to by volume number, followed by "T Tr." and page number.  The 1-volume transcript of the sentencing will be referred to by "S Tr." and page number.  References to the Public Docket in 1:09-CV-1039-RC will be referred to as "Docket" and followed by the document number.  Government exhibits will be referred to as "GX" and the exhibit number.  Defense exhibits will be referred to as "DX" and the exhibit number.

One charged both defendants with murder and aiding and abetting, in violation of 18 U.S.C. §§ 1111 and 2.  (1 R. 32).  Count Two charged both defendants with possession of a dangerous weapon in a prison and aiding and abetting, in violation of 18 U.S.C. §§ 930(c) and 2.  (1 R. 32).  The grand jury returned a two-count superseding indictment against Jackson on August 16, 2006, charging the same substantive offenses as the original indictment and alleging the same statutory intent elements and statutory aggravating factor.[2]  (2 R. 466-68).  Jackson pleaded not guilty to the superseding indictment on August 29, 2006.  (2 R. 497).

Jury selection commenced on October 2, 2006.  The guilt/innocence phase of the trial began on October 23, 2006, and the jury returned guilty verdicts on both counts on October 30, 2006.  (1-6 T Tr. *passim*).  The punishment phase commenced on November 2, 2006, and ended on November 13, 2006, with a unanimous jury verdict that Jackson be sentenced to death for Count One.  (3 R. 819-37; 7-13 T Tr. *passim*).  The court sentenced Jackson to death on Count One immediately after the verdict.  (13 T Tr. 1940).  On December 15, 2006, the court sentenced Jackson to life imprisonment on Count Two.  (S Tr. 8).  On January 9, 2007, the court entered a judgment sentencing Jackson to death on Count One and to life imprisonment on Count Two.  (3 R. 875-78).

---

[2]  Prior to trial, the government discovered that the 1977 Michigan aggravated robbery conviction did not involve a firearm; instead, Jackson displayed a fiberglass nightstick in such a manner that the victims perceived it as a shotgun.  Neither the indictment nor superseding indictment specified the crimes that would be offered in support of the 18 U.S.C. § 3592(c)(2) statutory aggravating factor, and the government only offered evidence about the 2004 federal armed bank robbery conviction.

Jackson filed a direct appeal with the Fifth Circuit Court of Appeals.  Jackson's conviction and sentence were affirmed in a published opinion. *United States v. Jackson*, 549 F.3d 963 (5th Cir. 2008).  Jackson's petition for writ of certiorari was denied by the Supreme Court, *David Lee Jackson v. United States*, --- U.S. ---, 130 S.Ct. 51 (2009).

On October 5, 2010, Jackson filed his petition for collateral relief under 28 U.S.C. § 2255.  (Docket, Nos. 41-51).  The petition was assigned to this Court.  The Court intended to initially address Claim 2, which alleges that the defendant is mentally ineligible for the death penalty under  *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242 (U.S. 2002).  (Docket, No. 54).  On February 3, 2012, the Court issued an order continuing the *Atkins* hearing and ordering  the government to respond to Claim 1 on or before May 7, 2012.  (Docket, No. 137).  In Claim 1, Jackson contends that his death sentence violates the Federal Death Penalty Act, the rule of lenity, and the Fifth, Sixth and Eighth Amendments.  The essence of the claim is that the sole statutory aggravating factor submitted to the jury was a 2004 bank robbery conviction that occurred after the underlying capital offense.  Jackson also asserts that his trial and appellate counsel were ineffective for having failed to raise the purported unconstitutionality of seeking the death penalty against Jackson by relying on a statutory aggravating factor that occurred after the capital homicide.  (Docket, No. 41).

On June 19, 2012, Jackson filed a Supplement to his petition for collateral relief, alleging that the government failed to adequately discharge its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose certain psychiatric records held by

the Bureau of Prisons.  (Docket, No. 144).

## II.  Response to Supplemental Claim of a Brady violation

Following receipt of Jackson's supplement to his § 2255 petition, counsel for the government reviewed all discovery provided to Jackson's trial counsel prior to his trial in 2006.  The government further compared pre-trial discovery to the discovery provided Jackson relative to his § 2255 petition.  The government confirmed that the substantial discovery and Bureau of Prisons records provided to Jackson's counsel prior to his trial contained neither the August 2005  paranoid schizophrenia diagnosis by a BOP psychiatrist, nor the 2006 change of Jackson's psychotropic medication.  The government concurs that this undisclosed evidence was relevant to multiple issues in the sentencing phase of Jackson's trial.  Had the evidence been disclosed, it would have allowed trial counsel to more effectively cross-examine certain of the government's penalty-phase witnesses. Additionally, this evidence could have been submitted as relevant mitigating evidence.  *Bigby v. Dretke,* 402 F.3d 551, 567 (5th Cir. 2005).

## III.  Conclusion

For the reasons stated above, the United States respectfully moves this Court, as to the Supplement to the Petition for Collateral Relief, to grant the motion for collateral relief as to the sentence imposed, vacate the death sentence, and impose a sentence of imprisonment for life for Jackson's conviction in docket number 1:06-CR-51.

Respectfully submitted,

JOHN M. BALES

4

UNITED STATES ATTORNEY

/s/ Robert L. Hobbs
ROBERT L. HOBBS
Assistant United States Attorney
Texas Bar No. 00796764
350 Magnolia Ave., Suite 150
Beaumont, TX  77701
(409) 839-2538
(409) 839-2550 (fax)
robert.hobbs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was delivered by electronic delivery to counsel of record, Christopher Craig, on March 21, 2013.

/s/ Robert L. Hobbs
ROBERT L. HOBBS
ASSISTANT U.S. ATTORNEY