UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID LEE JACKSON,

*Petitioner*,

v.                                                Case No. 1:09CV-01039-RC

UNITED STATES OF AMERICA,

*Respondent*.

**JOINT PROPOSED FINDINGS OF FACT,
MEMORANDUM OPINION AND ORDER**

David Lee Jackson, through counsel, and the United States of America jointly submit the following proposed findings of fact, Memorandum Opinion and Order:

## I.  Background

In 2006, a jury convicted David Lee Jackson for the 1999 murder of Daryl Brown in violation of 18 U.S.C. § 1111.  After a subsequent penalty phase trial, the jury voted to impose a death sentence, and on January 9, 2007 a sentence of death was formally entered by this Court.  The Fifth Circuit Court of Appeals denied Mr. Jackson's appeal and the Supreme Court denied his petition for a writ of *certiorari*.  *United States v. Jackson*, 549 F.3d 963 (5th Cir. 2008); *Jackson v. United States*, 130 S.Ct 51 (2009).

On October 5, 2010, Mr. Jackson filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence.  He supplemented that motion on June 19, 2012. In his 2255 proceedings, Mr. Jackson raised numerous claims, including a claim that the government withheld exculpatory evidence relating to the punishment phase in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  The parties have stipulated to this Court that certain material evidence was inadvertently not disclosed to the defense prior to trial;

specifically documents demonstrating that while in the Bureau of Prisons, Mr. Jackson was diagnosed with paranoid schizophrenia and that his regimen of psychotropic medication was altered shortly before trial began.  The government concedes that this oversight deprived the defense of evidence material to the punishment phase of trial.

## II.    Standard of Review

In order to succeed on a punishment-phase *Brady* claim, a § 2255 movant must show that 1) the prosecution failed to disclose favorable evidence; and 2) the evidence was material to punishment. *See id.*; *Cone v. Bell*, 556 U.S. 449, 469 (2009); *Kyles v. Whitley*, 514 U.S. 419, 431 (1995); *United States v. Bagley*, 473 U.S. 667, 683 (1985). This is true "irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.   As the Supreme Court has clearly held, "an inadvertent nondisclosure has the same impact on the fairness of the proceedings as deliberate concealment. 'If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor.' " *Strickler v. Greene*, 527 U.S. 263, 288-289 (1999) (quoting *U.S. v. Agurs,* 427 U.S. 97, 110 (1976)).

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone*, 556 U.S. at 491; *Kyles*, 514 U.S. at 431; *Bagley*, 14 U.S. at 682.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome" of the penalty phase of Mr. Jackson's trial.  *Strickland v. Washington*, 466 U.S. 668 (1984).  This standard is lower than the more familiar "preponderance of the evidence" standard but Mr. Jackson must demonstrate more than that the error "had some conceivable effect on the outcome of the proceedings."  *Id*. at 693.

## III.    Analysis

The government concedes it inadvertently failed to disclose favorable evidence relating to Mr. Jackson's punishment phase proceedings as alleged in Claim II(A) of his Supplemental Petition.  Accordingly, the only question remaining is whether the inadvertent, undisclosed evidence, both in part and cumulatively, prejudiced the defense. The parties have jointly stipulated that the evidence that BOP had previously diagnosed

Mr. Jackson with a major mental illness and that his regimen of psychotropic medication was altered just prior to trial was material to Mr. Jackson's defense and created a probability sufficient to undermine confidence in Mr. Jackson's sentence.

As the parties stipulate before this Court, the inadvertently undisclosed evidence of Mr. Jackson's paranoid schizophrenia diagnosis was relevant, mitigating evidence that the jury did not hear.  *See Bigby v. Dretke*, 402 F.3d 551, 567 (5th Cir. 2005) (paranoid schizophrenia is "a severe mental illness" constituting mitigating evidence which "could lead a jury to find that a sentence other than death is warranted".)  Moreover, had this evidence been disclosed, it would have allowed trial counsel to more effectively cross-examine the government's key penalty-phase witness and could have undermined the impact of the government's evidence regarding aggravating factors.  Because the jury was unfortunately deprived of the opportunity to hear this evidence, this Court, based on the factual stipulation of the parties, finds that Mr. Jackson is entitled to punishment phase relief.

### IV.    Other Claims

The Court has been informed (a) that Mr. Jackson has agreed to withdraw all of his outstanding post-conviction claims for relief with the exception of the *Brady* violation discussed above; and (b) that the parties have agreed to recommend to the Court that, in the event Mr. Jackson's death sentence is vacated, that Mr. Jackson receive a sentence of imprisonment for life.  The Court therefore finds that the remainder of Mr. Jackson's claims are withdrawn and are no longer before this Court.

The Court hereby GRANTS David Lee Jackson's § 2255 motion, VACATES his death sentence, and ORDERS that a sentencing hearing be conducted in order to assess a sentence of imprisonment for life for his conviction for a violation of 18 U.S.C. § 1111 in cause number 1:06-CR-51.

So **ORDERED** and **SIGNED** on March _____, 2013.

4

_____

4